GEORGE MERIWETHER, Appellant, v. THE KANSAS CITY CABLE RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, May 25, 1891.

1. **Instructions:** ASSUMING FACTS: ENLARGING ISSUES: COVERING SAME GROUND. It is fatal to an instruction that it should assume a fact in controversy or enlarge the issues made by the pleadings; and it is not error to refuse instructions covering the same ground as other given instructions, which are all that are needed.

2. **Negligence:** STREET RAILWAY: CARE TO PASSENGER: BOARDING MOVING TRAIN. A street-railway company is bound in receiving and discharging passengers to observe an unvarying and unbending requirement on every part of its line without regard to the denseness of the population. It is bound to see every passenger who attempts to get on its cars while they are standing still, but it

is not so bound after they are in motion. But when it sees such attempt to board a moving train, or from circumstances has reason to know thereof, it must exercise such prudence in the management of the car as is demanded by the exigencies of the situation.

3. **Instructions:** PLEADING : COMMON FAULT. Where the allegation was that plaintiff was injured by the careless and negligent starting of defendant's train an instruction defining defendant's duty upon the theory that the train was in motion when plaintiff got hold of it is inapplicable, yet as appellant's asked instructions contained a similar fault he cannot be heard to complain.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Wm. C. Forsee,* for appellant.

(1) Appellant's theory is sufficiently stated in his petition and instructions. His first instruction was a proper one. He was, also, entitled to a reasonable time in which to board the car. If, without allowing such time, defendant started the car forward with a violent and sudden jerk, whereby appellant, without his fault, was injured, defendant is liable. Appellant's instructions upon this point were correct. *Swigert v. Railroad,* 75 Mo. 475; *Weber v. Railroad,* 100 Mo. 203; *Strauss v. Railroad,* 75 Mo. 185; s. c., 86 Mo. 428; *Daugherty v. Railroad,* 81 Mo. 325, 330; *Clotworthy v. Railroad,* 80 Mo. 220; Thompson on Carriers, pp. 225, 226, 93, 98, 99, 100; Whart. on Neg. [2 Ed.] sec. 648; *Taylor v. Railroad,* 26 Mo. App. 336; *Wyatt v. Railroad,* 55 Mo. 485; 2 Thomp. on Neg., sec. 25, p. 1178; Whart. on Neg. [2 Ed.] secs. 370, 380, 420. (2) The court's third, fourth and fifth instructions are erroneous. Appellant complained of two negligent acts: *First,* a failure to allow him a reasonable time in which to get on, and, *second,* the starting with a sudden and violent jerk while he was in the act of getting on. Beach on Cont. Neg., pp. 39, 40; Shearman & Redf. on Neg.

sec. 31; Deering on Neg., secs. 23, 24; *Dewire v. Bailey*, 131 Mass. 169; *Huhn v. Railroad*, 92 Mo. 445; *Lawless v. Railroad*, 136 Mass. 1, 5; *Albion v. Hetrick*, 90 Ind. 547; *Trans. Co. v. Jackson*, 86 Ind. 111; *Jeffrey v. Railroad*, 56 Iowa, 546; *Briggs v. Railroad*, 148 Mass. 88, and cases cited; Whart. on Neg. [2 Ed.] secs. 301, 323, 324; 2 Thomp. on Neg., secs. 52, 53, pp. 1203, 1204; *Taylor v. Railroad, supra; Hudson v. Railroad*, 32 Mo. App. 667.

*Johnson & Lucas*, for respondent.

(1) Appellant complains of the trial court for refusing to give instruction, numbered 1. This action on the part of the court was correct for three different reasons. It assumes a controverted fact. *Liggett v. Morgan*, 98 Mo. 42; *Pendell v. Railroad*, 34 Mo. App. 684. The court should have refused the instruction, if for no other reason than because on account of the number of requests for the same charge. *McAllister v. Barnes*, 35 Mo. App. 668; *Renshaw v. Ins. Co.*, 33 Mo. App. 394; *City of Hannibal v. Richards*, 35 Mo. App. 15. The said instruction was misleading, and enlarged the issues presented by the pleadings, and was unsustained by any evidence. *Vanhooser v. Berghof*, 90 Mo. 488; *Paint Co. v. Conlon*, 92 Mo. 228; *Merrett v. Poulter*, 96 Mo. 237; *Harty v. Railroad*, 95 Mo. 369; *George v. Railroad*, 40 Mo. App. 433. (2) There was no error in refusing to give appellant's third instruction. The court fully covered the ground in its own instruction, numbered 3, more favorably than asked by appellant. *Marigold v. Railroad*, 24 Mo. App. 52; *Ball v. City of Independence*, 41 Mo. App. 469; *Demetz v. Benton*, 35 Mo. App. 559; *Fairbanks v. Long*, 91 Mo. 628. (3) Instructions 3, 4 and 5, given by the court, were more favorable to the appellant than any asked by him, and covered every principle involved in the case. The instructions, taken as a whole, fairly submitted the

case, and the verdict of the jury ought not to be disturbed unless manifest error appears in the record. *Skeen v. Engine Co.*, 34 Mo. App. 485; *Torky v. City of Independence*, 24 Mo. App. 288; *Frizelle v. Paint Co.*, 24 Mo. App. 529.

SMITH, P. J.—This was an action for personal injuries alleged to have been received by plaintiff while in the act of stepping upon the front board of one of the defendant's cars, in consequence of the negligence of defendant in starting the car. Defendant interposed a general denial, supplemented by the plea of contributory negligence. The bill of exceptions recites that there was evidence introduced at the trial to prove the facts alleged in both the petition and the answer. Under the evidence and instructions, the latter of which will be presently noticed, the verdict of the jury was for the defendant. The plaintiff appealed.

I. The plaintiff here questions the judgment, on the ground that the trial court erred in its action in giving and refusing instructions. The plaintiff complains of the action of the court in refusing his first instruction, which declared: "If you find from the evidence that defendant invariably stopped its southbound Troost avenue trains at the point where plaintiff stepped on said train, allowed passengers to get on and received them on said trains at said point, and did not forbid them or warn them against doing so, and plaintiff knew this, then, although defendant did not desire to receive passengers at said point, it was the duty of defendant's servants in charge of its trains to stop there a reasonable length of time to allow plaintiff to get on board said train with safety to himself, using reasonable expedition in doing so, provided plaintiff was at said point in proper position, and ready to get on board thereof." This instruction is erroneous in assuming that, " plaintiff stepped on the defendant's south-bound

Troost avenue train," etc. This was a controverted fact which it was the function of the jury, and not the court, to determine.

The third instruction given by the court, on its own motion, we think, rendered the giving of the plaintiff's first instruction unnecessary, even if it had not been subject to the objection just noted. This instruction, in effect, directed the jury that, if the plaintiff was injured at the time and *place* mentioned in the petition, by a sudden and violent starting of the car of defendant, *while he was partially upon, or while he was* in the act of stepping upon, the car to become a passenger, and his position upon, or act in stepping upon, such car was known to the gripman thereon, or could have been discovered by him by the exercise of ordinary care on his part, or could have been discovered and made known by the conductor to the gripman by the exercise of ordinary care, before starting the car at all from its last stop, they should find for plaintiff. Under the hypothesis of this instruction, the jury were authorized to find for the plaintiff without reference to whether or not the defendant invariably stopped its south-bound Troost avenue train at the point stated in the petition and received passengers on its trains there, or whether or not it warned or forbade them against entering its cars there, or whether or not it did not desire to receive passengers there, or whether or not it was the duty of defendant to stop its train there for a reasonable length of time to allow passengers to get on board. The court practically told the jury that, in order to find for the plaintiff, it was not necessary for them to find the existence of the controverted facts first indicated and embraced in the hypothesis of the plaintiff's first instruction. The court's instruction excluded from the consideration of the jury these impediments which plaintiff's refused instruction placed in the way of his recovery. It covered the essential grounds of that of the plaintiff, and was much more

favorable to him than his own. Again, it is quite obvious that the plaintiff's instruction is obnoxious to the objection that it enlarged the issues presented by the pleadings. We need not cite authority to show that instructions must be based upon the facts stated by the pleadings. What was told the jury by the court's instruction, was virtually declaring that the duty of the defendant was to stop a reasonable time at the place where plaintiff is alleged to have been injured, to enable him to get on the car. This instruction goes quite as far as any of the adjudged cases cited by the plaintiff.

II. The plaintiff further complains that the court erred in refusing his third and ninth instructions. The ground covered by them is not materially different from that embraced in the third of the court's series.

III. No. error is perceived in the action of the court in refusing the plaintiff's seventh instruction. The two instructions given by the court, wherein it defined ordinary care, as applicable to plaintiff as well as to the servants of defendant, were proper, and all that were needed to enlighten the jury on that branch of the case.

IV. The plaintiff's sixth instruction was improper. The theory of the case as declared in the instructions of the court was, that if the plaintiff attempted to board defendant's car after it had stopped, and the defendant's servants saw, or could have seen, him by the exercise of ordinary care, and yet started the car whereby he was injured, the defendant was liable. The liability of the defendant was not made to depend upon the fact whether the point where plaintiff is alleged to have been hurt was in a populous or nonpopulous part of the city. If the plaintiff was injured by the negligence of the defendant in the manner alleged by him, it is immaterial as to whether the population was dense or sparse at the point. The rule of ordinary care which defendant is bound to observe in receiving and discharging passengers from its cars is an unvarying and unbending requirement on every

part of its line. As declared by the court in its fifth instruction, if plaintiff was in the act of getting on the car before it started, then it was the absolute duty of the defendant to have discovered his effort and they cannot be heard to say that they did not see him. This duty rests upon defendant wherever it starts its trains on its lines. It is bound to see every passenger who attempts to get upon its cars while they are standing still, but they are not so bound after the car is in motion. The safety of the train and those who are already on board requires that the gripman should be on the lookout ahead, while the conductor should be occupied with collecting fares, receiving requests to stop, and the like, rather than looking out for the safety of those who may attempt to get on board after the train has started. While they are not bound to see every person who attempts to board a moving car, yet if they do so see him, or from any circumstance have reason to know of his doing so, they must exercise such prudence in the management of the car as is demanded by the exigencies of the situation. The plaintiff's ninth instruction is not dissimilar in its enunciation, to that of the third and fifth given by the court, and was for that reason properly refused.

V. The plaintiff is mistaken in supposing he complained in his petition of two negligent acts. His complaint is, " that while he was in the act of stepping on defendant's train, and before he got on board thereof, and without giving him reasonable time in which to get on board thereof, defendant carelessly and negligently started it forward with a violent jerk." The third instruction of the court already referred to was based upon this allegation. The court's fifth instruction to which reference also has already been made properly defined the duty of the defendant, if the plaintiff was in the act of getting on the car before it started. There is no charge in the petition that the plaintiff attempted to board a moving car. That part of the court's

instruction defining the duty of the defendant, upon the theory that the defendant's car had started at the time plaintiff got hold of it to get on, and, though it had just started, was then in only slight motion, was inapplicable to the case made by the pleadings; but as the seventh instruction, asked by the plaintiff, contained a similar fault the plaintiff cannot be heard to complain of that matter. The instructions given by the court, with the possible exception just mentioned, are, we think, correct. They presented the whole case fairly to the jury. There are twenty-nine instructions in the record. They do not all present different theories of the case. Many of them are but repetitions of the same theory. As we have already observed, those given were substantially correct, and those refused were either erroneous or similar to others given, so that it would subserve no useful purpose to separately review them, further than has already been done.

We are unable to discover any error in the record that would justify any interference with the judgment by us, consequently it will be affirmed. All concur.