State *v.* Burnham.

---

## STATE *v.* EDWARD BURNHAM.

*Breach of the Peace. Boxing Match. Consent. Evidence.*

1. Consent to engage in a boxing match is not a defence to an indictment for a breach of the peace. It is for the jury to determine from the nature of the contest whether it was a breach of the peace, under proper instructions as to what constitutes such a breach.
2. Nor was evidence admissible to prove that such matches are common and harmless amusements, practiced in the colleges of this country.
3. Nor was there error in refusing to allow the jury to examine the boxing gloves used by the respondent.

INDICTMENT for a breach of the peace. Trial by jury, December Term, 1883, TAFT, J., presiding. Verdict, guilty.

The evidence for the prosecution tended to show that the respondent and one Bloxham engaged in a boxing match; that it was agreed upon three or four days in advance; that notice of it was given among the people; that one of the parties had a second and that a referee to superintend the encounter was chosen; that the Queensbury rules were to govern the contestants; that a crowd of from twenty five to one hundred people were collected upon the fair grounds near the village, a ring made, and from four to six rounds were fought, during which the respond-

State v. Burnham.

ent and said Bloxham were engaged in assaulting and beating each other; that blood flowed from a wound on one of the parties, which the respondent's testimony tended to show resulted from hitting an old wound on his head; that bruises made in the melee remained visible on the face of one of them the second succeeding day; that the thumb of one of them was sprained, and one of them knocked down.

The respondent's evidence tended to show that he went down to avoid the blows of his adversary.

The other facts are stated in the opinion.

*Wm. H. Walker*, for the respondent.

A boxing match, such as is shown by the exceptions, is not a statutory crime. The respondent's acts did not constitute a breach of the peace. They put no one in fear of bodily harm; they did not tend to disturb that quiet comfort and repose which constitute the rest of social life. *State* v. *Riggs*, 22 Vt. 321; *State* v. *Benedict*, 11 Vt. 236. An injury given in an amicable contest does not constitute a breach of the peace; for the criminal intent is wanting. Rosc. Crim. Ev. 259. There was no breach of the peace. Rosc. Crim. Ev. 259; 1 Bish. Cr. L. ss. 205, 261, 285; 2 Arch. Cr. L. 40.

*W. W. Stickney* for the State.

The common law recognizes as not necessarily unlawful certain athletic sports: 2 Green. Ev. s. 85; 2 Whar. Cr. L. s. 1012; Com. Dig. Plead. (M) 18; but a public boxing match is an unlawful sport. 1 Steph. N. P. 211; 2 Whar. Cr. L. s. 1012; *Commonwealth* v. *Collberg*, 119 Mass. 350. Consent is no bar; and the reason is that the parties cannot by consent cancel a public law necessary to the safety and morality of the State. 2 Whar. Cr. L. s. 1262; *Commonwealth* v. *Collberg, supra*; *Regina* v. *Lewis*, 1 C. & K. 419; *Rex* v. *Perkins*, 4 C. & P. 537.

The opinion of the court was delivered by

Ross, J.   We have to consider this case as presented by the exceptions.   It is true, as contended by the respondent's counsel, that sparring or boxing with gloves manufactured for that purpose, as conducted and engaged in ordinary athletic sports, is not unlawful, nor a breach of the peace.   It may be that such sports, properly conducted, are both healthful and promotive of physical vigor and development, and should be encouraged.   But such pugilistic exercise may be abused and carried beyond the limits of healthful and lawful exercise and sport.   It may be so conducted as to create a breach of the peace.   It may even degenerate into a prize fight.   Many of the circumstances detailed in the exceptions, the agreement to engage in the match, giving notice, having seconds, a referee, rules, a ring, etc., are not inconsistent with lawful sport, nor yet with a breach of the peace.   Neither is the fact that slight injuries were inflicted upon the contestants determinative of the character of the engagement.   The court told the jury that if they found the facts, which the evidence tended to show, proven, they would be warranted in returning a verdict of guilty, although the combatants fought by consent.   The court instructed the jury what would constitute a breach of the peace in a manner satisfactory to the respondent.   He excepted to the charge on the subject of consent.   The court did not withdraw from the jury the determination of whether what the evidence tended to show, would constitute a breach of the peace.   It left that whole subject to the determination of the jury, with proper instructions on the subject of what would constitute a breach of the peace.   The only question reserved was whether the consent of the combatants would prevent their acts from being a breach of the peace.   Clearly, such consent would not necessarily give character to their acts and prevent their becoming a breach of the peace.   The conduct—quarreling, challenging, assaulting, tumultuous and offensive carriage, etc., which the statute declares to be a breach of the peace—is capable of being consented to by all the parties guilty of it.   Consent, therefore, was not at all determinative of whether the

respondent and Bloxham were guilty of a breach of the peace by their acts and conduct on the occasion complained of. The court were correct in instructing the jury that their consent to engage in such acts and conduct was not determinative of the quality of the same in regard to guilt or innocence. Their acts and conduct might have all the elements of a breach of the peace notwithstanding such consent.

Neither was the respondent entitled to have admitted the offered evidence, to show that such matches were common and harmless amusements, innocent and proper exercises, practiced in the universities and colleges in this country. Such evidence was not at all determinative of, nor helpful in determining, the character and quality of the contest between the respondent and Bloxham, as conducted by them on the occasion complained of.

Nor was there error in not giving the huge boxing gloves to the jury to examine. Probably, if it had allowed the jury to make such examination, it would not have been error. Whether it would or would not order such examination was largely in the discretion of the County Court. The gloves furnished no criterion by which to judge of the character of the contest, nor of the manner in which it was conducted.

The result is that no error is found in the action of the County Court. If the jury, under proper instructions, have given a wrong character to the contest and conduct of the respondent, relief must be sought in some other manner than upon exceptions to correct rulings of the County Court. The result is, that judgment is rendered that no error is found in the proceedings of the County Court, that the exceptions are overruled, and judgment rendered on the verdict.