The opinion of the court was delivered by
McEnery, J.
The case is before us on a second appeal. The case was remanded for the reason that inadmissible testimony had been received on the first trial. State vs. Olympic Club, 46 An. 935. The object of remanding the case was for a re-trial, excluding the illegal testimony, so as to determine whether or not the injunction prayed for should be granted, restraining the defendant from giving exhibitions of prize fights, although called glove contests. We refer to the original opinion in the case for the facts, excluding the statements of experts.
The exhibitions complained of are glove contests; in fact, prize contests with gloves.
The whole question depends upon the construction of Act No. 25 of 1890, which reads as follows:
“ Section 1. * * * That any person who shall send, or cause to be sent, publish or otherwise make known, a challenge to fight what is commonly called a prize fight, or who shall accept any such challenge, or who shall engage in such fight, or go into training preparatory to such fight, or act as trainer for any such, contemplating a participation in such fight, and any person who shall act as aider or abettor, backer, umpire, second, surgeon or assistant at such fight or in preparation for such fight,- shall, upon conviction thereof, be deemed guilty of a misdemeanor and be punished by imprisonment in the parish jail for not more than six months, and be fined mot more than five hundred ($500) dollars.
“ Sec. 2. * * * That any person who shall agree in this State to fight out of this State, or shall train in this State to fight out of this State,- or who shall go or attempt to go out of this State to fight in any other State, place or territory, or, being in this State, shall in any way or manner aid, abet or assist to fight or attempt to fight out of this State what is commonly called a prize fight, shall be deemed guilty of a misdemeanor, and be punished by imprisonment in the parish jail for not more than six months, and be fined not more than five hundred ($500) dollars.
*1097 “Provided, this act shall not applyJto exhibitions and glove contests between human beings which may take place within the rooms of regularly chartered athletic clubs.”
Prize fights may be with the hands uncovered, or covered with gloves of different weight.
Both kinds of fights are commonly known as prize fights. They are preceded by elaborate preparations and long and painful training. A purse or prize is given to the successful fighter in both contests. The two classes have essential features alike, the only difference being one is conducted and fought without gloves.
The statute intends to reach both descriptions of the prize fight, or as it expresses it, commonly “known as prize fights.” Such contests, as the testimony shows, which are permitted in defendants’ arena, are known everywhere as prize fights. The arena is specially designed for these prize fights, with ring and ropes and a seating capacity for thousands. The proviso says the act shall not apply to “ glove contests within the rooms, of regularly chartered athletic clubs.”
These clubs, defined and designated in the proviso, and the glove contests permitted therein, are for recreation, exercise and instruction in all athletic sports, including boxing, fencing, etc. These contests and exhibitions are not for the special purpose of introducing and exhibiting for a prize trained and professional prizefighters, nor are they for the purpose of making money from such exhibitions or contests by charging a fee for witnessing the same. The glove contests permitted in defendant’s club ' are advertised extensively and are generally known as prize fights. The fighters are under contract with each other, with the club, and under obligations to the spectators and betters to fight to a finish, that is usually until there is what is called a “knock out.”
There can be no reasonable objection to boxing as ordinarily understood. It is a manly, healthful and vigorous training, and encouraged in some of our most respectable institutions.
An interference with it by legislative power would be a great stretch of authority, bordering upon an infringement of personal liberty. And even boxing without gloves for a display of skill, and for pastime, when there is no breach of the peace and no intentional injury to the person, can not be considered as embraced within the statute. But in a prize contest for a purse, with or without gloves, *1098 there is, despite the customary shaking of hands and the preliminary courtesies between the combatants, an intention to do an injury, and to break the public peace. The contest is directly within the spirit, if not the exact definition of an assault. In such a contest there can not be an absence of intention to do an injury, for the purpose of the contest is to subdue an opponent by knocking him senseless or so injure him that he can not, within a given time, continue the fight.
Glove contests in athletic clubs or elsewhere, such as we have described, have no semblance to prize fights, with or without gloves. To hold that such glove contests as are permitted in the arena of the defendant club are ordinary contests for scientific boxing would be as absurd as to say that fencing with pointed foils, for the pricking of blood, would be a fencing bout to decide superior points in sword exercise.
The proviso, therefore, is without meaning or significance, as it is in no way related to the enacting clause, and is totally irrelevant thereto.
It has been held that where the proviso is irrelevant, it will be rejected. Sutherland on Statutory Construction, Par. 228.
It was probable, through unnecessary caution, that the proviso found its way into the statute. Usually the legislative intention is expressed in the proviso, and we look to it for an explanation of the enacting clause.
We do not presume that the Legislature intended to defeat the enacting clause by the proviso, but to modify or explain it, or to except something that otherwise would fall with it. The statute intended to suppress prize fighting. Fighting in the arena of the club, as described in the record, is prize fighting, and no other description can be given to it. It is preceded by the training, the challenge, the attendance of seconds, umpires, and of surgeons, each of of which is denounced by the statute, and the fight is followed by alt the attendant circumstances of a contest with naked hands.
We conclude that the glove contests in athletic clubs or elsewhere, when the object is only for a display of the art of boxing, as generally understood and practiced, without the prerequisites of challenge and training and the attendant circumstances of a prize fight, are not what is commonly ■ known as prize fights, and, therefore, the proviso has no relation to or connection with the offence denounced by the statute.
*1099 It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and reversed, and it is now ordered that the injunction prayed for be granted.