THE STATE OF KANSAS v. PATRICK J. PURTELL *et al.*

No. 10449.

1. PRIZE-FIGHT—*What is*. Not all physical contests for a prize or reward are punishable under the statute as prize-fights. The contest must be a fight, and there must be an intent on the part of the contestants to do violence to and inflict some degree of bodily harm on each other.

2. ——— *Evidence*. In a prosecution against .persons charged with prize-fighting, it is not necessary to.show that the prize or reward was to be gained by one from the other. It is sufficient if they engaged in a fight for a prize, and the fact that a prize was awarded to the defeated as well as to the successful combatant does not necessarily prevent a conviction.

*Appeal from Cherokee District Court.*

PATRICK J. PURTELL and W. H. Johnson were convicted of prize-fighting. They appeal. The material facts are stated in the opinion, filed February 8, 1896.

*W. R. Cowley*, and *John A. Hale*, for appellants.

*F. B. Dawes*, attorney general, and *C. A. McNeill*, county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J. : The defendants were convicted of prize-fighting, and sentenced to confinement in the peniten-

tiary for one year.   From this conviction they appeal.
The contention on their behalf in this court is that
the trial court erred in its definition of the term
"prize-fight," as contained in the instructions given
to the jury.   The portion of the instructions most
criticised reads as follows :

"The word 'prize-fight,' as used in the statute of
this state, and as used in the information, is used in
its ordinary signification, and means a fight, or phys-
ical contest, between two persons for a prize or re-
ward ; and it is immaterial whether such fight, or
physical contest, is witnessed by many or few per-
sons.   The word 'prize' or 'reward,' as used in the
information, means a reward or sum of money to be
gained by contest or competition.   In order to consti-
stitute a prize-fight under the statute of this state,
there must have been an expectation, on the part of
the persons engaged therein, of a reward or prize to
be given to and received by such contestants, or the
successful contestant ; but it is immaterial whether
such prize or reward is to be won by the successful
contestant from the other, or to be otherwise awarded ;
but the guilt of each defendant must arise from the
joint act, fight, or personal and physical contest of
the two contestants."

That a contest took place between the defendants
at Sapp's opera-house in Galena at the time charged
is admitted.   It is also admitted that it came off pur-
suant to a written agreement between the Galena
Athletic Club on one part, and the defendants on the
other, under which the defendants agreed to give a
sparring exhibition of 25 rounds with five-ounce
gloves, according to the Marquis of Queensbury rules.
It provided for a referee, with power to continue the
contest for a greater number of rounds.   For this ex-
hibition the athletic club agreed to pay each of the
defendants $50.   There was no substantial contro-

versy in the testimony offered at the trial as to what was done. That a contest took place; that the parties used gloves weighing five ounces each; that there were 22 rounds of sparring with such gloves, and that the defendant Johnson was knocked down, and, failing to get up, was declared beaten, is undisputed. The claim of the defendants, at the trial and in this court, is that this was a lawful exhibition; that it was what is fairly and properly termed a "sparring or boxing match with gloves," for the purpose of exhibiting the skill, strength and agility of the contestants in a proper and lawful contest; that for this exhibition the parties were each paid a sum of money, the amount of which did not depend on the result of the contest; that it was not a prize-fight within the meaning of the law, because it was not for a prize to be gained only through success; nor a fight, because the parties were entirely friendly and free from the purpose to injure each other. On the part of the state it is insisted, that the testimony clearly shows that this was an ordinary brutal fight for money, and of the kind the statute was designed to prohibit; that the evidence shows beyond question that the parties fought till one of them was knocked senseless, and that the conviction was rightly had.

It is not for this court to express an opinion as to the guilt or innocence of the defendants under the testimony. They had a right to have the law correctly declared to the jury. Webster defines the word prize-fight, "A contest in which the combatants fight for a reward or wager." The court instructed the jury that the word "prize-fight," as used in the statute, means a fight or physical contest between two parties for a prize or reward, and this phrase "fight or physical contest," or the expression "fight or con-

31—56 KAS.

test," is repeated many times in the instructions.   By
this the court gave the jury to understand that it need
not be a fight, but that a physical contest for a prize
or reward was punishable under the statute.   This is
not the law.   There are very many physical contests
which are not only not punishable, but altogether
permissible.   It was conceded that the defendants en-
gaged in a physical contest.   It was even conceded
that they engaged in a boxing-match, but it was not
admitted that they fought.   It is a fight, only, that
the statute reaches.   Wrestling, fencing, boxing, and
numberless other matches, in which the physical pow-
ers are employed by men in friendly contests with each
other, are not punishable.   It must be a fight.   The
word "fight" implies a purpose to use violence for
the purpose of inflicting injury, and the jury alone
had the right to determine whether the defendants,
in fact, engaged in a fight, or merely in an innocent
contest with no purpose to inflict injury on each other.
Whether the gloves used were such as rendered it im-
probable that the contestants could inflict injury on
each other, or were put on as a mere subterfuge to
disguise a fight, was for the jury to determine. (*The
State v. Burnham*, 56 Vt. 445 ; *People v. Taylor*, 56 N.
W. Rep. 27.)   We think that part of the instruction
with reference to the prize or reward substantially
correct, and that it makes no difference whether the
prize or reward is to be won by the successful contest-
ant from the other, or to be awarded by a third party.
Nor do we deem it indispensable that the prize or re-
ward should be given to the successful contestant
alone, though there must be a prize to be gained by
the contest.   The evil designed to be remedied by the
statute is that class of brutal exhibitions for giving
which considerable sums of money were paid, and we

do not think the statute can be evaded by rewarding the unsuccessful as well as the successful combatant.

For the error in the instructions the judgment must be reversed, and a new trial awarded.

All the Justices concurring.