GLENDALE LUMBER COMPANY, Appellant, v. BEEKMAN LUMBER COMPANY, Respondent.

Springfield Court of Appeals, January 3, 1911.

1. **JURISDICTION: Action Against Corporation: Suit Brought Where Cause of Action Accrued: Pleading.** In a suit brought in the city of St. Louis, against a corporation in Jackson county, and summons served in the latter county, the petition alleged that defendant maintained its principal office in Jackson county, and further alleged "that the cause of action herein stated accrued, and all of the contracts, negotiations and transactions hereinafter described, were made, conducted and accrued at and in the city of St. Louis, Missouri." *Held*, that the petition was good on demurrer, which assigned "that the petition fails to disclose facts sufficient to confer jurisdiction upon defendant."

2. ————: **Pleading: Demurrer: Tendering Jurisdiction Issue.** Where the facts alleged in the petition show no jurisdiction over the defendant, it is proper for the court to sustain a demurrer to it, but where the allegations are sufficient and the truth thereof is to be determined by matters *in pais*, the defendant must traverse the jurisdictional allegation, and thus tender a jurisdictional issue.

3. **CORPORATIONS: Actions Against Corporations: Suits May Be Brought Where.** Under section 1754, Revised Statutes 1909, suits against corporations must be commenced either in the county where the cause of action accrued, or in any county where the corporation shall have or usually keep an office or agent for the transaction of its usual and customary business.

4. **DEMURRER: Amendment of Petition: Standing on Petition After Amendment: Practice: Appeal and Error.** Where the

court sustains a demurrer to plaintiff's petition, and plaintiff is given leave to amend, which he does, and the plaintiff refuses to plead further, and on verbal motion of defendant judgment is rendered against plaintiff, the plaintiff cannot be held to have invited the judgment against him, and thus lost his right to appeal.

5. ———: **Pleading: Corporations: Ultra Vires Transactions.** A general demurrer to the petition assigned that the petition does not show that plaintiff corporation had a right under its charter to purchase and hold the claim sued on. *Held,* that this objection could not be raised by general demurrer, but should be specially pleaded to be available.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

REVERSED AND REMANDED.

*Hattie Greensfelder* for appellant.

(1) Defendant's demurrer, which was a general demurrer, should not have been sustained, as in order to take advantage of any defect of capacity to sue, same must be done by a special demurrer. Bliss on Code Pleadings (3 Ed.), sec. 409a, pp. 621-622, and sec. 408, p. 620; Baxter v. Transit Co., 198 Mo. 1; Randolph v. Railroad, 18 Mo. App. 613; Emmerich Co. v. Sloane, 95 N. Y. Supp. 39; Sanborn v. Hale, 11 N. W. (Iowa) 302; Soule v. Thealander, 17 N. W. (Minn.) 373; Portland Co. v. Hall, 95 N. Y. Supp. 36; Fire Ins. Co. v. Baldwin, 37 N. Y. 648; Bank v. King, 47 Iowa 64; Bulkley v. Iron Co., 77 Mo. 105; People v. Crooks, 53 N. Y. 648; Life Ins. Co. v. Stone, 42 Mo. App. 383. (2) The objection that plaintiff's petition did not allege facts which showed it had authority to sue on an assigned account for legal services rendered, was an objection for defect of capacity to sue. Rogers v. March, 73 Mo. 70; Ellingsen v. Railroad, 60 Mo. App. 679; Lyddon v. Dose, 81 Mo. App. 64; Taylor v. Pullem, 152 Mo. 434; Y. M. C. A. v. Dubach, 82 Mo. 475;

Cohn v. Railroad, 182 Mo. 577; Clowers v. Railroad, 21 Mo. App. 216. (3) A petition of a corporation is not demurrable for failure to allege affirmatively therein its charter rights to do that business which it holds itself out as competent to do. Ins. Co. v. Smith, 73 Mo. 368; Fire Engine Co. v. Mobile, 101 Ala. 559; Steamboat & Transportation Co. v. Vanderbilt, 16 Conn. 420; Fuller v. Railroad, 21 Conn. 557; Life Ins. Co. v. Assn., 54 Ala. 73; Boulware v. Davis, 90 Ala. 207, 9 L. R. A. 601; Savings Assn. v. Ruegger, 60 Mo. 218; Fenny v. Ins. Co., 25 N. Y. Super. (2 Rob.) 599; Bell v. Mindenhall, 73 N. W. 1086. (4) Any fact not stated in a petition, which is relied upon as a defense should be specially pleaded by the defendant. Graham v. United States, 1 Ct. C. I. 183; State to use v. Hudson, 86 Mo. App. 501; Shoe Machinery Co. v. Rambose, 210 Mo. 631; Parlin & Oredorff Co. v. Boatman, 84 Mo. App. 67; Sprague v. Lumber Co., 106 Ind. 242; Leay v. Sanders, 88 Mo. App. 486; Blevins v. Fairly, 71 Mo. App. 259; 6 Thompson on Corporations, sec. 7966; Brown v. Inv. Co., 102 S. W. 138; Shargin v. Cutler, 106 Ind. 242; Life Assn. v. Cook, 20 Kan. 19; Mortgage Co. v. McClure, 70 Pac. 543. (5) As it is presumed by the court that a corporation is engaged in lawful business and its contracts are within its corporate powers. State to use v. Hudson, 86 Mo. App. 501; Langworthy v. Garding, 74 Minn. 325; Shoe & Machinery Co. v. Rambose, 210 Mo. 649; Coal Co. v. Gilmore, 93 Minn. 432; Cassidy v. Ins. Co., 72 Ind. 95; Nickels v. Bldg. Assn., 93 Va. 380; Commonwealth Co. v. Cummings, 83 Fed. 767; Board of Commissioners v. Shields, 62 Mo. 247; Mechanics Banking Assn. v. Shot & Lead Co., 25 Barb. 419; Sprague v. Lumber Co., 106 Ind. 242. (6) A defense of *ultra vires* should be specially pleaded to make it available. Williams v. Verity, 98 Mo. App. 654; Chicago Co. v. Munsell, 107 Ill. App. 344; Hess v. Sloane, 66 N. E. 1110, 173 N. Y. 616; Y. M. C. A. v. Dubach, 82 Mo. 475; Bank v. King, 47

Iowa 64; Warehouse Co. v. Stewart, 70 S. W. 285; 5 Cyc. of Pleading and Practice, 95. (7) And even should plaintiff's cause of action seem upon its face an abuse of power conferred upon a lumber company by its corporate charter, still the law is well settled in this state, as well as in other states, that the right to interpose as a defense to such a cause of action want of corporate authority to engage in such a business belongs to the state in a direct proceeding, and cannot be interposed in a collateral proceeding by another. Black v. Early, 208 Mo. 281; St. George's Society v. Branch, 120 Mo. 243; Cass Co. v. Ins. Co., 188 Mo. 1; School District v. Hodgin, 180 Mo. 70; Burnham v. Rogers, 167 Mo. 17; State v. Fuller, 96 Mo. 165; Catholic Church v. Tobbein, 82 Mo. 418; Board v. Shields, 62 Mo. 247; State ex rel. v. Birch, 186 Mo. 219; Drug Co. v. Robinson, 81 Mo. 18; Broadwell v. Merritt, 87 Mo. 95; Ragan v. McElroy, 98 Mo. 349; Thornton v. Bank, 71 Mo. 221; Shewalter v. Pirner, 55 Mo. 218; Martindale v. Railroad, 60 Mo. 508; Kinealy v. Railroad, 69 Mo. 658; Hovelman v. Railroad, 79 Mo. 632; First National Bank v. Trust Co., 187 Mo. 494; St. Louis v. Shields, 62 Mo. 247; Ins. Co. v. Smith, 117 Mo. 289; Welsh v. Brewing Co., 47 Mo. 608; Bank v. Porter, 52 Mo. App. 244; Glass v. Brewing Co., 47 Mo. App. 639; City of Goodland v. Bank, 74 Mo. App. 365.

*W. H.* and *Davis Biggs* for respondent.

(1) The purchase by a lumber company of a claim of an attorney for his services is so wholly foreign and outside the purposes of lumber companies that we submit that the said contract of purchase is *ultra vires* the corporation and is absolutely void. Shoe Co. v. Western Stores Co., 132 Mo. App. 513; R. S. 1899, sec. 2805; Trans. Co. v. Pullman Co., 139 U. S. 60; McCormick v. Bank, 165 U. S. 538; Bank v. Stoneware Co.,

2 Mo. App. 299; Bank v. Bank, 173 Mo. App. 153; Hotel Co. v. Furniture Co., 73 Mo. App. 135; Kansas City v. O'Connor, 82 Mo. App. 655; Anglo-American Co. v. Lombard, 132 Fed. 721; Scott v. Bankers Union, 85 Pac. 604; Bank v. German-American Co., 116 N. Y. 281; Bank v. Kennedy, 167 U. S. 362; Plank Road Co. v. Plank Road Co., 7 Wis. 59; Packet Co. v. Shaw, 37 Wis. 655.

GRAY, J.—The parties to this suit are corporations. organized under the laws of this state. The plaintiff's cause of action is based on an account assigned to it by one John B. Christensen. The petition alleges that the defendant corporation became indebted to Christensen, an attorney at law, for legal services rendered at the request of the defendant, in the sum of five hundred dollars, and that said Christensen, for value received, assigned, transferred and sold the account to the plaintiff, and that the same is due and unpaid.

The petition further alleges that at all times mentioned therein, the defendant maintained its principal office in Jackson county, Missouri. This suit was instituted in the circuit court of the city of St. Louis, and the summons was issued to the sheriff of Jackson county, and was returned by him, duly served, and the cause came on for hearing at the February term, 1910. The defendant appeared and filed the following demurrer: "Comes now the defendant and appearing specially and solely for the purposes of filing this demurrer, and for no other purposes, demurs to the petition of the plaintiff herein, on the ground that said petition (1) fails to disclose facts sufficient to confer jurisdiction upon this defendant, and (2) does not state facts sufficient to constitute a cause of action." The demurrer was sustained on February 15, 1910.

At the time the demurrer was filed and passed on, the petition contained the following allegation as to

where the cause of action accrued: "That the cause of action herein stated accrued at and in the city of St. Louis, Missouri." After the demurrer had been passed on, the court granted plaintiff permission to amend its petition by interlineation, and the clause just quoted was amended to read as follows: "That the cause of action herein stated accrued, and all of the contracts, negotiations and transactions hereinafter described, were made, conducted and accrued at and in the city of St. Louis, Missouri."

On March 1, 1910, the cause came on for hearing, and the plaintiff, in open court, declined to plead further, but announced its determination to stand on its petition as amended. Whereupon, the court on a verbal motion of the defendant, rendered judgment against the plaintiff, and from that judgment, the plaintiff appealed to the St. Louis Court of Appeals, and on the 29th day of June, 1910, the St. Louis Court of Appeals transferred the cause to this court.

The respondent claims appellant had no right to appeal because the court permitted an amendment to the petition after the demurrer had been passed on, and appellant voluntarily allowed judgment to go in favor of the defendant.

We do not take this view of the proceedings. When the demurrer was filed and sustained by the court, the plaintiff amended its petition, but notwithstanding the amendment, the court rendered judgment against the plaintiff because plaintiff refused to plead further. In other words, the court was holding that the amendment was not sufficient to make a good petition and rendered judgment on the demurrer.

While the demurrer to the petition is a general one, the respondent's objections to the petition are two. First. That the petition does not show that plaintiff had a right under its charter to purchase and hold the claim sued on. Second. That the petition does not allege facts sufficient to give the St. Louis Circuit Court

jurisdiction. We do not believe the first objection can be raised by a general demurrer, but should be specially pleaded to be available. [Williams v. Verity, 98 Mo. App. 654, 73 S. W. 732; Clark v. Lopp, 80 Mo. App. 542; Baxter v. Transit Co., 198 Mo. 1, 95 S. W. 856; Y. M. C. A. v. Dubach, 82 Mo. 475.]

If the facts alleged in the petition show no jurisdiction in the St. Louis Circuit Court, the action of that court in sustaining the demurrer was correct. [Hendricks v. Calloway, 211 Mo. 557, 111 S. W. 60.]

Under section 1754, Revised Statutes 1909, suits against corporations must be commenced either in the county where the cause of action accrued, or in any county where the corporation shall have or usually keep an office or agent for the transaction of its usual and customary business.

The petition in this case alleges ''that the cause of action herein stated accrued, and all of the contracts, negotiations and transactions hereinafter described, were made, conducted and accrued at and in the city of St. Louis, Missouri.'' In the recent case of Barnett et al. v. Building Co., 137 Mo. App. 636, 119 S. W. 471, the petition was filed in the city of St. Louis against a defendant corporation located at Springfield, Mo. The petition, in order to show jurisdiction in the circuit court of St. Louis, alleged that the cause of action set out and pleaded, accrued in said city. The court held the allegation sufficient to show jurisdiction, and in order for defendant to avail itself of the defense of lack of jurisdiction, defendant was compelled to traverse the allegation, and said relating thereto: ''Until defendant pleaded the court was shown by the record to have jurisdiction, and that, in truth it did not, was because of facts *in pais*. An issue could only be raised by averring the facts, as the plaintiffs themselves recognized when they alleged in their petition the cause of action had accrued in St. Louis, thus tendering a jurisdictional issue.''

The allegation in the present case not only states that the cause of action accrued in St. Louis, but all the contracts, negotiations and transactions were made, conducted and accrued in said city. In the case just cited, the authorities on the question as to what is meant by the term "where the cause of action accrued," are reviewed, and if plaintiff should prove the facts alleged in its petition, the circuit court of the city of St. Louis, had jurisdiction of the suit. In any event, we hold the allegations of the petition relating thereto are sufficient as against a demurrer.

The judgment of the trial court will be reversed and the cause remanded. All concur.