## REBECCA HOUGH, Respondent, v. ST. LOUIS CAR COMPANY, Appellant.

St. Louis Court of Appeals, Argued and Submitted March 4, 1914. Opinion Filed April 7, 1914.

1. **CORPORATIONS: Debts of Subsidiary Corporation: Liability of Parent Corporation.** Where one corporation paid for and owned all of the capital stock of another corporation, and the latter was nothing more than the agent of the parent corporation in carrying on its business, the parent corporation, in taking over the business and property of the subsidiary corporation, took it *cum onere*—not as by purchase for value, but by mere assumption of control of that which had always belonged to it; and hence, although there was no fraud in the transaction, the parent corporation was liable for a judgment rendered against the subsidiary corporation prior to the transfer, and especially so where the value of the assets taken over was in excess of the amount of the judgment.

2. ———: **Ultra Vires: Pleading.** The defense of *ultra vires* is not available to a corporation under a general denial, but must be specially pleaded and proved.

3. ———: ———. A plea of *ultra vires*, whether interposed for or against a corporation, will not be allowed to prevail, when it will not advance justice but will accomplish a legal wrong.

4. ———: ———. The defense of *ultra vires* as depending on the ownership of the capital stock of one corporation by another, cannot be raised collaterally.

5. ———: ———. Where a judgment creditor of a corporation sought to collect the judgment from another corporation, on the theory that the latter owned all of the capital stock of the former and that the former was merely the agent of the latter in doing the things that gave rise to the judgment, *held* that defendant corporation would not be permitted to set up as a defense that it had no power to own such stock, for the reason that the contract between the two corporations had been fully performed, and for the further reason that, to permit the defense to prevail, would accomplish a legal wrong.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*Lehmann & Lehmann* for appellant.

(1) Where one corporation acquires assets of another corporation for an adequate consideration, it is not liable for the debts of the latter corporation. Warren v. Mayer Fertilizer, 145 Mo. App. 558; Hageman v. Railroad, 202 Mo. 249; Burge v. Railroad, 100 Mo. App. 460. (2) The St. Louis Car Company could not subscribe for stock in the Kobusch Automobile Company, nor could its property and money be used as payment of the stock subscription of Kobusch and his associates. Hotel Co. v. Furniture Co., 73 Mo. App. 135; Ollesheimer v. Mfg. Co., 44 Mo. App. 172; Bank v. Oliver, 62 Mo. App. 390; Bank v. Converse, 200 U. S. 425.

*William Hilkerbaumer* for respondent.

(1) The judgment of the circuit court holding the appellant liable on the facts in evidence and found by the court is clearly right. Barrie v. Railroad, 138 Mo. App. 557; Johnson v. Railroad, 247 Mo. 326; Warren v. Mayer, 163 Mo. App. 451. (2) The defense of *ultra vires* is not available to appellant. 10 Cyc. 1156, 1162, and annotation; Osmer v. Brokerage Co., 155 Mo. App.

211; Star Co. v. Warehouse Co., 123 Mo. App. 13; St. L. Drug Co. v. Robinson, 81 Mo. 18.

REYNOLDS, P. J.—In this case the judgment entered up in the circuit court comprises a finding of facts as well as conclusions of law. We adopt the finding of facts as made by the learned trial judge as a sufficient statement of the facts so far as it goes. It is as follows:

"On the 10th day of October, 1906, plaintiff sustained personal injuries by the negligence of the Kobusch Automobile Company, a corporation, for which she brought suit against said corporation, and recovered a final judgment therein for the sum of two thousand dollars and costs, on the 24th day of May, 1910." [For the facts as to the accident see Hough v. Kobusch Automobile Co., 146 Mo. App. 58, 123 S. W. 83. A new trial resulted in the judgment here involved.]

"That an execution was issued upon said judgment and returned wholly unsatisfied, prior to the institution of this suit; the sheriff in his return upon said execution certifying that he was unable to find any property belonging to said corporation out of which to make said judgment and costs or any part thereof, and at the time this suit was instituted, the whole of said judgment and costs were and still remain unsatisfied, and are still due to plaintiff.

"That said corporation, the Kobusch Automobile Company, was organized on the 19th day of April, 1906, under the laws of the State of Missouri, and was, at the time plaintiff sustained said injuries engaged in business in the city of St. Louis, Missouri, but at the time of the institution of this suit, said corporation was not transacting any business, nor did it maintain any office, nor had it any property, and was at said time wholly insolvent.

"That at the time said automobile company was organized as aforesaid, George J. Kobusch was presi-

dent of the defendant St. Louis Car Company. That said Kobusch and the immediate members of this family owned a controlling interest in the defendant corporation in April, 1906, and that said Kobusch and other officers of said corporation organized said Kobusch Automobile Company with a capital stock of one million dollars, all of which was subscribed for by said Kobusch (with the exception of a few shares) for the purpose of engaging in the manufacture of automobiles which theretofore had been an important branch of the business conducted by said defendant.

"That while said Kobusch and other officers of defendant company subscribed for the capital stock of the Kobusch Automobile Company, said stock was, in fact, owned by the defendant corporation, and was paid up (so far as it was paid at all), by a transfer to said Automobile Company by the defendant of its automobile plant, supplies and other personal property and machinery, theretofore used by it in the manufacture of automobiles and with money and other property furnished by defendant.

"That after the organization of said automobile company, the manufacture of automobiles was continued by it, and in the course of its business and for the purpose of conducting the same it acquired the equitable title to the real estate described in the petition, enlarged and equipped its plant for the manufacture of automobiles, acquired a large quantity of lumber, hardware, supplies, and other personal property, aggregating in value about the sum of seven hundred and ninety thousand dollars.

"The court further finds that after the organization of said Automobile Company, and while it was engaged in business as aforesaid, said company was controlled and managed by and through the officers and directors of the defendant company; that said Kobusch and said Mills were president and secretary,

182 Mo. App.—46

respectively, of both corporations, and that the other officers and directors of the defendant corporation were also the officers and directors of said Automobile Company.

"The court further finds that during the month of January, 1907, said Automobile Company ceased to do business, and at or about that time, delivered to defendant company and the defendant company received and took over all of the assets, property, business and good will of said Automobile Company, including the real estate acquired by said company, without paying said Automobile Company any consideration therefor, and without said Automobile Company receiving anything therefor."

In addition to this, it appears that the Car Company furnished all the money with which the Kobusch Automobile Company carried on its business, and that all of the certificates of stock of the Automobile Company were kept in the safe of the Car Company, indorsed in blank. It is proper also to state that plaintiff, in her petition, prayed judgment that an accounting be taken of the assets and property received by defendant of the Kobusch Automobile Company; that their value be ascertained; that a receiver be appointed to take charge thereof; that interest be computed upon plaintiff's judgment and that the aggregate amount of said judgment, interest and costs due plaintiff be ascertained from the date of the decree herein; that defendant be adjudged and decreed to pay the same to plaintiff with interest from the date of the decree and all costs of the proceedings, and that plaintiff have execution therefor and for general relief.

The answer was a general denial.

The decree of the court, after stating the facts as above, found that the property and assets of the Automobile Company received by defendant were of the reasonable value of about $690,000; that no provision was made for paying the debts and obligations of the

Automobile Company, including that owing the plain-
tiff; that the transfer thereof was fraudulent and void
as to plaintiff, and that the property and assets so
taken over continued to be and still are subject to the
payment of plaintiff's judgment. Finding that there
is now in the hands of the defendant corporation,
property and assets acquired by the Automobile Com-
pany, for which it has paid no adequate or any consid-
eration, of a value in excess of the judgment, interest
and costs due and owing plaintiff on her judgment,
the court adjudged that plaintiff have and recover from
defendant the amount of the judgment, stating it, in-
terest and costs, aggregating $2312.25, and that exe-
cution issue against defendant for that sum and costs
of this proceeding.

Filing a motion for new trial and excepting to that
being overruled, defendant duly perfected its appeal
to this court.

The errors assigned are, first, that the trial court
erred in holding that the St. Louis Car Company paid
up the stock subscription and was the owner of the
Kobusch Automobile Company stock. Second, that
the trial court erred in holding that there was no con-
sideration of the St. Louis Car Company taking over,
in January, 1907, certain assets then in possession of
the Kobusch Automobile Company, and third, that the
trial court erred in finding that the evidence showed
that these assets had a value of $690,000.

It is urged in support of the first of these propo-
sitions that where one corporation acquires the assets
of another corporation for an adequate consideration,
it is not liable for the debts of the latter corporation,
citing Hageman v. Southern Electric R. R. Co., 202
Mo. 249, 100 S. W. 1081; Burge v. St. L., M. & S. E.
R. Co., 100 Mo. App. 460, 74 S. W. 7, and Warren v.
Mayer Fertilizer & Junk Co., 145 Mo. App. 558, 122
S. W. 1087. We do not think that the facts in any of
these cases are analogous to those in the case at bar.

We may eliminate the question of fraud from the transaction and yet defendant is responsible for this judgment on the facts found. Our own consideration of the testimony satisfies us that the Kobusch Automobile Company was nothing more than the agent of the St. Louis Car Company, the latter company in point of fact carrying on the business of assembling and manufacturing and selling automobiles under its own name but really as agent for the St. Louis Car Company. That the agency was afterwards terminated and the principal took over the business and the remaining property left in the hands of its agent, need not necessarily be held to have been in fraud of creditors; it was in fact taking over that which it had always owned and on no new consideration. Obviously it was taken over *cum onere;* not as by purchase for value or on adequate consideration, but by mere assumption of control of that which had always been of its property and business. In this view of the transaction, Johnson v. United Rys. Co., 247 Mo. 326, 152 S. W. 362, 374, Barrie v. United Rys. Co., 138 Mo. App. 557, 119 S. W. 1020, as well as Warren v. Fertilizer Co., supra, relied on by counsel, while suggestive, are not altogether in point. That is particularly so as to Warren v. Fertilizer Co., a case of an attempted preference of a stockholder, officer and director of the company over other creditors.

The second point argued by learned counsel for appellant is that the St. Louis Car Company could not subscribe for stock in the Kobusch Automobile Company, nor could its property and money be used in payment of the stock subscription of Kobusch and his associates. It is well said in 10 Cyc., p. 1156, par. III, stating the rule generally recognized, that "the defense of *ultra vires* is special and is not available under a general denial, but must be specially pleaded and proved." [See Citizens' State Bank v. Pence, 59 Neb. 579, l. c. 583; Louisville Tobacco Warehouse Co. v.

Stewart, 24 Ky. Law, 934, 1. c. 936, 70 S. W. 285.] So it has been decided in our State, as see German Savings Institution v. Jacoby 97 Mo. 617, 1. c. 627, 11 S. W. 256; Williams v. Verity, 98 Mo. App. 654, 1. c. 660, 73 S. W. 732.

It is further said in 10 Cyc., supra, that excepting cases where the rights of the public are involved, that plea, "whether interposed for or against a corporation, will not be allowed to prevail when it will not advance justice, but will accomplish a legal wrong."

Moreover, it would seem that the question of *ultra vires* as depending on the ownership of the stock in one corporation by another, cannot be raised collaterally. [St. Louis Drug Company v. Robinson, 81 Mo. 18, 1. c. 26.]

In 29 Am. & Eng. Ency. of Law (2 Ed.), p. 45, it is said: "The true reasons upon which the doctrine of *ultra vires* rests are, first, the interest of the public that the corporation shall not transcend the powers granted; second, the interest of the stockholders that the capital shall not be subjected to the risk of enterprises not contemplated by the charter, and, therefore, not authorized by the stockholders in subscribing for the stock; third, the obligation of every one entering into a contract with a corporation, to take notice of the legal limits of its powers." Here the stockholders in each corporation were practically identical. It is further said in the above work, page 45: "At the present time the defense of *ultra vires* is very generally regarded by the courts as an ungracious and odious one. And it is very well settled that neither party to the contract can avail himself of such a defense when the contract has been fully performed by the other party and he has received the full benefit of the performance of the contract. If an action cannot be brought directly upon the contract, either equity will grant relief or an action in some other form will prevail." Further along, at page 46,

it is said: "Generally speaking, the rule of *ultra vires* prevails in full force only where the contracts of corporations remain wholly executory."

It is not pretended that the defendant car company had not the power to assemble, manufacture and sell automobiles. The injury on account of which plaintiff recovered her judgment was sustained in the operation of a machine driven by an employee of the Automobile Company. [See Hough v. Kobusch Automobile Co., supra.] So there is no room for the application of the rule of *ultra vires*, even if that had been pleaded. The claim of *ultra vires* here made goes alone to the ownership of the stock of the Automobile Company by the Car Company, and that ownership, on the facts here, was more of form than substance, for the Car Company owned and operated the property and paid all the money used in its installation and operation.

So for the reasons, first, that the contract between the two corporations, treating them as distinct entities, has been fully performed; second, to permit it to prevail would not advance justice but would accomplish a legal wrong, and, finally and conclusively, because it was not pleaded, the defense of *ultra vires* is not here available.

Consideration of the testimony satisfies us that the trial court was warranted by the evidence in finding that the assets of the Kobusch Automobile Company, at the time they were taken over by the St. Louis Car Company, were of the value of $690,000. But even if that valuation is excessive, there is ample evidence proving that it was in excess of the claim of this plaintiff, and that is all that is here material. This disposes of the third error assigned.

Finding no error to the prejudice of appellant in the action of the trial court, its judgment is affirmed. *Nortoni* and *Allen, JJ.*, concur.