COLLISEUM ATHLETIC ASSOCIATION, a Corporaion, Appellant, v. JOHN DILLON, SAM MURBARGER and ROBERT STOLKIN, Respondents.

St. Louis Court of Appeals. Opinion Filed July 15, 1920.

1. **PLEADINGS: Challenging Sufficiency of: Objecting to Introduction of Evidence: Method Not Favored.** The method of questioning the sufficiency of pleadings by objecting to the introduction of any evidence thereunder is not a court favorite.

2. ——: ——: ——: **Demurrer Ore Tenus: Not so Searching as Written Demurrer.** The objection to the introduction of any evidence under the petition constitutes a demurrer *ore tenus*, and, as such, does not reach the alleged defects therein to nearly the same extent and for nearly the same purpose as the more formal written demurrer authorized by our code of pleading; nor does it reach mere uncertainty or indefiniteness of averment, or the defect of pleading legal conclusions.

3. ——: ——: ——: ——: **Petition Construed Most Favorably to Plaintiff.** On demurrer *ore tenus*, the allegations of the pleading will be construed most favorable to plaintiff, and every fair inference drawn therefrom in plaintiff's favor.

4. **CORPORATIONS: Incorporated Through Pro Forma Decree: Entitled to Sue as a Body Corporate.** Where the petition avers that plaintiff is a duly incorporated association under the laws of the state of Missouri, through *pro forma* decree of the circuit court, the allegation is sufficient to entitle it to institute a suit as a body corporate and politic, in view of section 3433, Revised Statutes of 1909, coming within the perview of article 10, chapter 33, Revised Statutes of 1909, and although by the *pro forma* decree it took the form of an incorporated social club, nevertheless it would appear to be a person within the meaning of the corporation laws, with the attendant rights to contract, sue, and be sued.

5. ———: ———: **Defense of Ultra Vires Must be Peaded.** As a general rule, the defense of *ultra vires* must be pleaded to be available.

6. **CONTRACTS: Defense of Illegality: Must be Specially Pleaded.** The defense of illegality of a contract sued on must be specially pleaded in the absence of anything in the petition disclosing such invalidity.

7.. **CORPORATIONS: Defense of Ultra Vires: May be Raised by Demurrer Where Petition Shows Act or Contract Void.** The rule that the defense of *ultra vires* cannot be raised by demurrer does not apply when the petition shows on its face that the act or contract is void and not merely voidable.

8. **PRIZE FIGHTING: Boxing: Not Illegal at Common Law.** At common law it was not illegal to hold boxing or sparring exhibitions.

9. **CONTRACTS: Contract to Give Private Boxing Exhibition: Not Void on Its Face.** The petition of an incorporated association against a boxing performer and managers for breach of contract to give a private boxing exhibition before the members of the association, which performance was to consist of eight rounds of three minutes each, of scientific and skillful boxing, *held* to state a cause of action, the contract not appearing on its face to be void, notwithstanding section 4681, Revised Statutes of 1909, which prohibits public boxing.

10. **ATTACHMENTS: Bond Insufficient: New Bond.** Upon the institution of an attachment suit, plaintiff was required by section 2300, Revised Statutes of 1909, to give a bond in at least double the amount sworn to in the affidavit for the writ of a attachment, and if such bond proved insufficient, a new bond could be required by defendants, bringing plaintiff under the provisions of section 2303, Revised Statutes of 1909.

11. ———: **Appeals: Appeal Operates as Supersedeas: Attachment Preserved in Full Force.** An appeal in an attachment suit taken

by the plaintiff operates as a *supersedeas* of the judgment, the appeal so taken preserves the attachment in full force until the final determination of such appeal in the appellate court, or of the case upon a retrial in the trial court.

12. ———: ———: Nonsuit: Appeal Without Bond: Discretionary: Order on Sheriff to Deliver Moneys Void. The trial court, by granting plaintiff an appeal in an attachment suit without requiring any appeal bond, relieved the plaintiff of the necessity of giving such bond under section 2335, Revised Statutes of 1909, the trial court having the discretion to require an appeal bond or not as its judgment dictates, *held* that the plaintiff's failure to give an appeal bond did not authorize the court to order the sheriff to pay to the defendants or their attorneys of record the moneys held by virtue of the writ of attachment.

Appeal from the Circuit Court of the City of St. Louis— *Hon. Benjamin J. Klene,* Judge.

REVERSED AND REMANDED (*with directions*).

*George W. Wellman,* and *D. J. O'Keefe,* for appellant.

(1) This being an action upon a contract entered into by appellant, a corporation organized by a *pro forma* decree of the circuit court of the city of St. Louis, under article X, chapter 33, Revised Statutes Mo. 1909, wherein appellant engaged the services of one of the defendants to give a private sparring exhibition before the members of plaintiff, it having paid defendants the contract price for such performance, and having in all other respects fully performed its part of the contract, has a right to maintain this action for a breach of the contract on the part of defendants. (a) It was not unlawful at common law to hold sparring exhibitions, nor is there any statutory law in this State prohibiting a corporation organized as plaintiff from furnishing its members instructions in all kinds of athletics, including sparring or boxing, or giving entertainments of this kind to its bona-fide members, as set out in the contract relied upon in plaintiff's petition. Sec. 4681, R. S. 1909; 32 Cyc., p. 396; Commonwealth v. Mack

et al., 187 Mass. 441; State v. Olympic Club, 47 La. 1095; State v. Burham, 56 Vermont, 445, 447. (b) From the facts stated in the petition, it cannot be said that the services to be performed by the defendant Dillon, under his contract with plaintiff, was to be a public sparring or boxing exhibition, and therefore unlawful, this being a question of fact which is peculiarly within the province of a jury to determine under appropriate instructions from the Court. Sec. 4681, R. S. 1909; 32 Cyc., p. 396; Commonwealth v. Mack et al., 187 Mass. 441.; State v. Olympic Club, 47 La. Ann. 1095; State v. Burham, 56 Vermont, 445, 447. (2) Plaintiff, a corporation organized by *pro forma* decree of the circuit court under article X, chapter 33, Revised Statutes 1909, had a right to make the contract relied upon and set out in its petition; but had this contract been *ultra vires* the corporation, this defense would not be available to the defendants. in this case. The facts appearing from the petition that plaintiff had fully executed the contract on its part, the contract being no longer executory on behalf of both parties, defendants cannot in this case raise the question of plaintiff's right under its corporate charter to make the contract in question. Elliott on Private Corporations (3 Ed.), secs. 218 and 219; Taylor on Private Corporations (3 Ed.), sec. 276; Chenowerth v. Pacific Express Co., 93 Mo. App. 185, l. c. 197; Insurance Company v. Smith, 117 Mo., 261, l. c. 289; Inhabitants v. Fox, 84 Mo. 59; Bollman Dairy Co. v. Mooney, 41 Mo. App. 665; Bank v. Trust Company, 187 Mo. 494; Cass County et al. v. Mercantile Town Mutual Insurance Company, 188 Mo., 1. (3) Defendants' objection, that the petition failed to state a cause of action, should have been raised by demurrer; that, while this objection may be raised at any time either before or after judgment, the practice of interposing this objection for the first time during the trial of the cause is not sanctioned by the court as correct practice, and the court should, under this circumstance, give the broadest effect to the

facts stated in the petition, construing the allegations therein most favorably to the plaintiff, and every fair inference from the facts should be drawn in plaintiff's favor. Haseltine v. Smith, 154 Mo. 404, 413; State ex inf. v. Arkansas Lumber Co., 260 Mo. 212, 283; Hays v. Miller's Estate, 189 Mo. App. 72, 77. (4) The trial court having allowed plaintiff's appeal from its final order and judgment in overruling plaintiff's motion to set aside the involuntary nonsuit without requiring it to give a bond therein, could not thereafter, and especially at a term of court subsequent to that in which the appeal was allowed, make the order in this case requiring the sheriff to turn over funds in his hands taken and held by him under the writ of attachment issued in this case, as that court had then no jurisdiction to make such order. Sec. 2335, R. S. 1909; State ex rel. v. Gates, 143 Mo. 63, 68; Linck v. Troll, 84 Mo. App. 49, 55.

*Bartley & Douglass* and *W. C. Mayfield* for respondents.

(1) Appellant's briefs do not contain a statement in numerical order of the points relied on and such briefs should be disregarded by this court and no argument heard on errors attempted to be assigned therein for the reason that such brief does not comply with paragraphs 2 and 3 of rule 18 of this court. (2) The trial court did not err in sustaining defendants' objection to the introduction of evidence. (a) The petition does not state facts sufficient to constitute a cause of action or to entitle plaintiff to recover. (b) The alleged contract set up in plaintiff's petition, for the breach of which it seeks a recovery in this action, was an *ultra vires* contract so far as plaintiff is concerned and could not be made the basis of this action. Secs. 3432, 3433 and 3435, Revised Statutes 1909; State ex rel. v. Men's Club, 178 Mo. App. 548, l. c. 564; State ex inf. v. Rod & Gun Club, 121 Mo. App. 364, l. c. 366. (3) The defense that the contract pleaded in plaintiff's petition

is *ultra vires* is available to defendants. Bowman Dairy Co. v. Mooney, 41 Mo. App. 665. (4) The judgment of the trial court was a final judgment on the merits of the case and automatically dissolved the writ of attachment and no error was committed by the trial court in ordering a delivery of the attached property to defendants after the dissolution of the attachment. State to use v. Beldsmeier, 56 Mo. 226; Bockhoff v. Gruner, 47 Mo. App. 22; Schafer v. Roberts, 166 Mo. App. 68.

BARNES, C.—This suit in attachment was instituted in the circuit court of the city of St. Louis on October 16, 1914. A second amended petition was filed October 7, 1917. The answer was a general denial and a plea of another suit pending. The reply put in issue the allegations of the answer pertaining to the pendency of another suit.

The cause came on for trial before the court and a jury on June 14, 1917. As soon as plaintiff's first witness was called and sworn, an objection was made on behalf of each of the defendants, to the introduction of any evidence on the ground that the petition failed to state a cause of action against any of them. This objection was sustained. An involuntary nonsuit was entered, with leave to move to set the same aside, which motion was filed and overruled, and appeal duly taken and exceptions properly preserved.

At the succeeding term of court, upon defendants' motion, the court ordered the sheriff to pay to the defendants or their attorneys of record, the moneys held by virtue of the writ of attachment. The basis upon which this order was obtained, was that the plaintiff had appealed the case without giving any appeal bond. Plaintiff excepted to this order, and likewise to the overruling of a motion filed by it, to set aside the order, and appealed from the order and the overruling of its motion. Both appeals are pending here upon one transcript.

The second amended petition, reads:

"Comes now plaintiff and, with leave of court first had, files this, its second amended petition, and states, that it is a duly incorporated association under the laws of the State of Missouri, through *pro forma* decree of the circuit court of the city of St. Louis.

"Plaintiff further states and for its cause of action against the above named defendants avers that on or about the 13th day of October, 1914, it entered into a contract with the defendant, John Dillon, wherein plaintiff employed said John Dillon to give a private boxing exhibition on or about October 14, 1914, before the members of the Coliseum Athletic Association, the plaintiff herein, in the city of St. Louis, Missouri, which performance was to consist of eight rounds of three minutes each of scientific and skillful boxing and for which service plaintiff agreed to pay said Dillon the sum of seven hundred and fifty and 00/100 dollars.

"Plaintiff further states that said Dillon represented himself to be and was a scientific and skillful performer in the art of self defense, and contracted with plaintiff to give a scientific and skillful boxing exhibition before the members of plaintiff, and at all times to use his best efforts to give a high-class performance; that defendant, Dillon, further agreed that when in the opinion of the authorized referee of said exhibition, that said Dillon was not honestly performing in rendering said boxing exhibition, that said referee would be authorized under said contract to stop said exhibition, in which event no compensation was to be due or paid to the said Dillon.

"Plaintiff further states that on the evening of the said 14th day of October, 1914, the time when said defendant, Dillon, was to give said boxing exhibition, and after all of plaintiff's members were assembled to witness the said boxing exhibition, the said defendant, Dillon, then refused to carry out his contract or begin his performance until plaintiff would deposit the sum of seven hundred and fifty and 00/100 dollars, with the defendant, Dillon's agents, Sam Murbarger and

Robert Stolkin, and thereupon plaintiff was obliged to pay, and did pay the said sum of seven hundred and fifty and 00/100 dollars, to said defendants, Murbarger and Stolkin, for said defendant, Dillon. That thereafter said defendant, Dillon, and one N. O. Brown started to give a pretended boxing exhibition, but refused to give a scientific and skillful boxing exhibition as he had contracted and agreed to give or to give any boxing exhibition of which he represented himself to be able to give and would give before plaintiff's members.

"That because of the said defendant Dillon's failure and refusal to give a boxing exhibition in accordance with his contract with plaintiff, the referee in charge of said performance being unable to get said defendant Dillon to give a scientific and skillful boxing exhibition or any boxing exhibition, said referee in the beginning of the third round, then and there declared to said Dillon that he was not honestly performing and that the pretended efforts of said defendant was not a boxing exhibition and declared the pretended efforts of said Dillon, no exhibition and defendant Dillon refused to give a boxing exhibition.

"Plaintiff further states, that it then demanded of said defendants, Murbarger, Dillon and Stolkin, a return of the said sum of seven hundred and fifty and 00/100 dollars, paid to them as aforesaid, for the said defendant Dillon, but said defendants, failed and refused to pay plaintiff said sum or any part thereof.

"Wherefore, plaintiff prays judgment against the defendants for said sum of seven hundred and fifty and 00/100 dollars and costs of this action."

While the method of questioning the sufficiency of pleadings by objecting to the introduction of any evidence thereunder, is not a court favorite. [Hays v. The Estate of Miller, 189 Mo. App. 72, 173 S. W. 1096], we find no occasion to add our criticism to such method in this case, an attachment suit in which the petition had been twice amended, the second one after' the lapse of

two and a half years. Criticism of the method does not dispose of the question before us.

The objection to the introduction of any evidence under the second amended petition constitutes a demurrer *ore tenus,* and as such, does not reach the alleged defects therein to nearly the same extent, and for nearly the same purpose as the more formal written demurrer authorized by our code of pleading. It does not reach mere uncertainty or indefiniteness of averment, or the defect of pleading legal conclusions (State ex inf. v. Arkansas Lumber Co., 260 Mo. 212, 283, 169 S. W. 145), and the allegations of the pleading will be construed most favorably to plaintiff and every fair inference drawn therefrom in plaintiff's favor. [State ex rel. v. Arkansas Lumber Co., supra; Hays v. The Estate of Miller, supra.]

We gather from the briefs that the demurrer *ore tenus* was sustained on the theory that the contract pleaded could not be made the basis of an action, and was beyond the scope of the powers granted plaintiff by its charter.

The petition avers that plaintiff is a duly incorporated association under the laws of the State of Missouri, through *pro forma* decree of the circuit court of the city of St. Louis. This allegation appears to be sufficient to entitle it to institute this suit as "a body corporate and politic," (Sec. 3433, R. S. 1909), coming within the purview of article 10, chapter 33, Revised Statutes 1909. It may be that by the *pro forma* decree it took the form of an incorporated social club, nevertheless it would appear to be a *person* within the meaning of the corporation laws, with the attendant rights to contract, sue and be used. [State ex inf. v. Missouri Athletic and St. Louis Clubs, 261 Mo. 576, 170 S. W. 904.] As a general rule, the defense of *ultra vires* must be pleaded to be available. [Hough v. St. Louis Car Co., 182 Mo. App. 718, 165 S. W. 1161; Miles v. Bank, 187 Mo. App. 230, 173 S. W. 713; Richard Hanlon Millinery Co. v. Mississippi Valley Trust Co., 251 Mo. 553, 569, 158 S. W. 359; The Y. M.

C. A. of Kansas City v. Dubach, 82 Mo. 475; Glendale Lumber Co. v. Beckman Lumber Co., 152 Mo. App. 386, 133 S. W. 384, adopted by this court, 160 Mo. App. 623, 140 S. W. 1194.] And the defense of illegality of a contract sued on must be especially pleaded, in the absence of anything in the petition disclosing such invalidity. [The St. Louis Agricultural & Mechanical Ass'n v. Delano, 108 Mo. 217, 18 S. W. 1101.] But the rule that the defense of *ultra vires* cannot be raised by demurrer does not apply when the petition shows on its face that the act or contract is void and not merely voidable, (State ex rel v. Bankers Trust Co., 157 Mo. App. 557, 138 S. W. 669.) Unless, therefore, the contract pleaded appears void on its face, because illegal, the petition sufficiently stated a cause of action.

The contract as pleaded is for a private boxing exhibition before plaintiff's members, to consist of eight rounds of three minutes each of scientific and skillful boxing. It contemplates the presence of an authorized referee, who is made the judge of whether or not defendant Dillon was "honestly performing." Unless such contract is interdicted by some Missouri statute, it would appear legal; because, at common law it was not illegal to hold boxing or sparring exhibitions. [Commonwealth v. Mack et al., 187 Mass. 441; State v. Olympic Club, 47 La. Ann. 1095; State v. Burham, 56 Vermont 445, 447.]

A statute now obsolete, but in effect at the period covered by the contract, made it a misdemeanor for a dramshop keeper to permit a boxing or sparring exhibition or contest in his dramshop, section 7224, Revised Statutes 1909. Nothing appears in the pleading to make this section applicable. Another statute, section 4679, Revised Statutes 1909, makes prize fighting a felony. And "any person who shall engage in any public sparring or boxing exhibition, or who shall aid, abet or assist in any such exhibition, or who shall furnish any room or other place for such exhibition, shall be deemed guilty of a misdemeanor," section 4681, Revised Statutes 1909. The

contract pleaded is for a *private* as distinguished from a *public* boxing exhibition. The letter of the contract does not fall within the terms of said section, nor the one on prize fighting. It follows that the contract does not appear on its face to be void; and could only be found voidable, if the underlying purpose and intent was to stage a prize fight, or a public boxing exhibition; and that defendant Dillon was not "properly performing" under the referee's decision, because the exhibition did not take on the character of a prize fight with its accompanying brutality.

The contract employs some of the terms, and provides for some of the usages usually involved at these ring encounters commonly called prize fights, such as the provision for eight rounds, under the supervision of a referee. On the other hand, the prize fighter and the public boxing exhibitor do not have a monopoly upon their use. The science and skill of boxing is best attained by conforming with the rules of the game, and the chief function of the referee is to enforce them. In this case he had the added duty of judging of whether or not Dillon was honestly performing as a scientific and skillful boxer. It was as much his duty to see that the exhibition of boxing, if private, did not degenerate into a prize fight, as to determine the plaintiff was not being imposed upon by a lack of science and skill on the part of Dillon. His task was a difficult one, perhaps, one fraught with the danger of prosecution for the commission of a felony under said section 4679, as umpire thereof, and the plaintiff with loss of its charter upon *quo warranto* proceedings, and prosecution under the same statute.

We therefore hold that the petition states a cause of action, and that it was reversible error not to set aside the involuntary nonsuit upon plaintiff's motion therefor.

After the plaintiff had appealed the case, the court *nisi,* made an order directing the sheriff to deliver the attached moneys to defendants or their attorneys of

record. This order was based upon the alleged failure of the plaintiff to give an appeal bond.

Upon the institution of this attachment suit, the plaintiff was required by section 2300, Revised Statutes 1909, to give a bond in at least double the amount sworn to in the affidavit for writ of attachment. If this bond proved insufficient, a new bond could be required by defendants bringing plaintiff under the provisions of section 2303, Revised Statutes, 1909.

Section 2335, Revised Statutes 1909, provides:

". . . Upon the trial of the case upon the merits —either party may appeal—the plaintiff from the finding on the plea in abatement, or on the merits, as he may elect, or both; the defendant, if at all, on the whole case—either party giving such bond for that purpose as the court may require; and any such appeal shall operate as a supersedeas of the judgment or judgments appealed from, and, if by the plaintiff, shall preserve the attachment in full force until the final determination of such appeal in the appellate court, or of the case upon a retrial in the trial court. . . ."

Attachments are special and extraordinary proceedings and the bond required by the statute to be given at the institution of the suit, was to cover all sums, damages and costs the defendants might be entitled to recover of plaintiff on account of the suit from the institution of the attachment until the final determination of the suit, and said section 2335 provides for the giving of such bond on appeal as the court may require, and that any such *appeal shall operate as a supersedeas* of the *judgment or judgments appealed from.*

It is the appeal that operates as a supersedeas of the judgment, and when the appeal is taken by the plaintiff, the appeal so taken preserves "the attachment in full force until the final determination of such appeal in the appellate court, or of the case upon a retrial in the trial court." [State ex rel. v. Parke-Davis & Co., 191 Mo. App. 219, 229, 177 S. W. 1070; Linck v. Troll, 84 Mo. App. 49.]

The trial court by granting the appeal without requiring any appeal bond, relieved the plaintiff of the necessity of giving such a bond. The discretion is in the court to require an appeal bond, or not, as its judgment dictates. The bond contemplated by the statute was not intended to be used as a burden or barrier to an appeal, it is required only when necessary to fully protect the adverse party's rights in the litigation. We are of the opinion that the order to the sheriff was void.

In view of the above and foregoing, the Commissioner recommends that the judgment be reversed and the cause remanded with directions to the circuit court to set aside the nonsuit and to likewise set aside the said order upon the sheriff, for further proceedings not inconsistent with this opinion.

PER CURIAM:—The foregoing opinion of BARNES, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, reversed and the cause remanded with directions to set aside the nonsuit, and likewise the order upon the sheriff, for further proceedings not inconsistent with the opinion. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.