99  153
48a  322

MITCHELL, *Plaintiff in Error*, v. THE CITY OF CLINTON.

1. **Pleading:** NEGLIGENCE. In an action by a wife for the wrongful death of her husband, the petition need not specifically charge the nature and extent of the injuries which it is alleged caused the death. The nature and extent of the injuries, and their connection with the death of the deceased, are matters of proof, and not of pleading.

2. ——: CONTRIBUTORY NEGLIGENCE. Contributory negligence is a defense to be pleaded and proved by the defendant. It is not necessary that its absence should be pleaded, or shown by the plaintiff, in the first instance.

3. ——: NEGLIGENCE: POWER OF MUNICIPAL CORPORATION. A petition in an action for damages against a city, for its failure to keep weighing scales, and the approaches thereto, in a reasonably safe condition, is defective, on demurrer, where it fails to aver facts from which the conclusion can be drawn, that it was within the scope of defendant's corporate powers to erect and maintain such scales, without which power no duty could arise to keep them in reasonably safe condition, and no consequent liability for failure to discharge the duty.

4. ——. Facts from which the ultimate and conclusive facts may be inferred are evidence, and need not be stated. But facts from which a legal conclusion is to be drawn, and upon which the right of action depends, must be stated, to show a cause of action under our system of pleading.

*Error to Henry Circuit Court.*—HON. JAMES B. GANTT, Judge.

AFFIRMED.

*C. B. Wilson* and *James Parks & Son* for plaintiff in error.

(1) The city had the power to erect and maintain scales, and to appoint a weighmaster to take charge of them. R. S. 1879, sec. 4940; 1 Dillon, Mun. Corp. [2 Ed.] secs. 323, 324; *Savannah v. Cullins*, 38 Ga. 334; 95 Amer. Dec. 398; *Stokes v. City of New York*, 14 Wend. 87. (2) The city is liable for the negligent use of its own property the same as private corporations. *Carrington v. St. Louis*, 89 Mo. (208) 215; 1 Dillon, Mun. Corp. [2 Ed.] sec. 77; 2 Dillon, Mun. Corp. [2 Ed.] sec. 778; *City of Savannah v. Cullins*, 38 Ga. 334; s. c., 95 Amer. Dec. 398; *Flori v. St. Louis*, 3 Mo. App. 231. (3) It is stated in the petition that said Mitchell's wagon, without his fault, ran off the scales, but this was unnecessary, as the law presumes he was exercising ordinary diligence. *Buesching v. St. Louis Gaslight Co.*, 73 Mo. 233. (4) Plaintiff states in her opinion how, where and to what extent said Mitchell was injured. (5) If the city had not the power to erect and maintain the scales, they were a public nuisance, maintained by the city herself, and she is liable for not removing them. *Kiley v. City of Kansas*, 69 Mo. 107.

*C. A. Calvird* for defendant in error.

(1) The petition does not state facts sufficient to constitute a cause of action. It does not state that the defendant is a city of the fourth class, or under what act it is organized, or any facts bringing it within the provisions of the act governing cities of the fourth class. *Sav. Ass'n v. Ruegger*, 60 Mo. 218; *Eubank v. City of Edina*, 88 Mo. 650. (2) The petition does not allege any authority in the defendant to set up, maintain, use and operate scales for weighing hay, corn, coal, etc., and to charge therefor, or to appoint a city weigher, and

Mitchell v. City of Clinton.

put him in charge of said scales. The city had no such authority. R. S. 1879, sec. 4940. A municipal corporation is utterly powerless to act, aside from the powers granted by its charter and ordinances passed in pursuance thereof. *Kiley v. Oppenheimer*, 55 Mo. 374; *Leach v. Cargill*, 60 Mo. 316; *Knox City v. Thompson*, 19 Mo. App. 523; 1 Dillon, Mun. Corp. [2 Ed.] sec. 55. The acts complained of in plaintiff's petition are not within the scope of the corporate powers of defendant as prescribed by the act governing cities of the fourth class, and consequently it is not liable, 2 R. S. 1879, art. 5; 2 Dillon, Mun. Corp. [2 Ed.] sec. 766; *Mayor v. Cunliff*, 2 Comst. 165; *Anthony v. Adams*, 1 Met. (Mass.) 284; *Walling v. Shreveport*, 5 La. Ann. 660; *Cuylor v. Rochester*, 12 Wend. 165. The acts complained of are *ultra vires* and impose no corporate liability. *Baltimore v. Eschbach*, 18 Md. 218; *Howell v. Buffalo*, 15 N. Y. 512; *Cole v. Nashville*, 4 Snead [Tenn.] 162; *Mitchell v. Rockland*, 52 Maine, 118; *Hunt v. Boonville*, 65 Mo. 620; *Schumacher v. St. Louis*, 3 Mo. App. 297. (3) The city is not liable for the negligent use of property it has no authority to maintain. See cases, *supra*. (4) The petition does not state how plaintiff's said husband was injured, or to what extent he was injured, so as to advise defendant whether said injuries were of a character likely to produce death. This is necessary. (5) Plaintiff cannot recover on the ground that said scales were a public nuisance, maintained by the city, which it failed to remove, for the reason there is no such allegation in the petition, and there is no allegation that said scales were situated on any public street. (6) There is no allegation in the petition that the city had established a market, and that the scales were a necessary part thereof.

BRACE, J.—The petition in this case, after alleging that plaintiff is the widow, and, at the time of the grievances complained of, was the wife of John C.

Mitchell, deceased, proceeds as follows: "Plaintiff says that defendant is a corporation under the laws of the state of Missouri, and was a corporation at the time of the happening of the grievance herein set forth. That as such corporation, it was defendant's duty to keep all its streets and thoroughfares, including its public scales and approaches thereto, in a reasonably safe condition for public use. That, at the time herein set out, defendant was the owner of and was operating a set of long platform scales for weighing hay, corn, coal and other heavy articles, by the wagon load, or otherwise. That said scales were being used and operated by defendant for the use of the public. That defendant charged parties weighing on said scales the sum of ten cents per wagon for each loaded wagon weighed thereon. That on or about the twenty-eighth day of June, 1881, defendant, by ordinance, provided for a city weigher and gauger to take charge of said scales, and to weigh all hay, corn, grain and stone coal that was required to be weighed thereon, or which might be brought to him for that purpose, and to collect from the vendor, or person having the same weighed, a fee of ten cents for each and every loaded wagon weighed by him on said scales.

"That defendant put a weigher and gauger in charge of said scales to collect said fee of ten cents, and that said employe of defendant was in charge of said scales at the time herein set out.

"Plaintiff says said scales were situated within the corporate limits of defendant. That said scales and the approaches thereto were, at the time complained of, very narrow, being barely wide enough for a wagon to drive or stand on, and were elevated a great distance from the ground, to-wit, about three feet.

"Plaintiff says that at the time of and for a long time before the happening of the grievances herein complained of, defendant, unmindful of its duties in the premises, carelessly, and negligently left the sides of said

scales, and the approaches to the same, wholly unprotected by railing, banister, or any other guard whatever, to prevent wagons, while being driven on said scales, or after getting on the same, or in being driven off the same, from falling off said scales, or approaches, and being overturned in case of accident, although the same was necessary to make said scales and approaches reasonably safe, and defendant at the time, and for a long time before, had full knowledge of the unprotected and dangerous condition of said scales and approaches.

"Plaintiff says that on the — day of August, 1882, John C. Mitchell, plaintiff's husband, being desirous of weighing a wagon load of hay on defendant's said scales, drove his wagon load of hay upon the platform of defendant's said scales to have the same weighed by the said weigher of defendant, and that the said Mitchell was at the time sitting on said load of hay; that, while the wagon and load of hay, as aforesaid, were being weighed by defendant's weigher, or immediately afterward, either the one or the other, of which plaintiff believes is true, but is ignorant of which, whether it be the one or the other, the wagon and load of hay upon which the said John C. Mitchell was at the time sitting, through the fault, carelessness and neglect of defendant in failing to have railing, banisters or other barriers or guards at the sides of said scales and the approaches to the same, ran off the sides of said scales, and was precipitated to the ground below and overturned.

"That by reason of said wagon and load of hay being thrown from said scales and overturned as aforesaid, by the negligence of defendant as aforesaid, said John C. Mitchell, without fault on his part, was thrown with great force and violence against the ground and among the rocks which defendant had placed below said scales, and so badly injured about the head and back that he died from the effects thereof on or about the seventh day of April, 1883.

"Plaintiff says this action is brought within six months after the death of John C. Mitchell, plaintiff's said husband. That by reason of the death of her said husband, John C. Mitchell, as aforesaid, she has sustained damages in the sum of five thousand dollars under the statutes in such cases made and provided. Wherefore she prays judgment for said sum of five thousand dollars against defendant under the statutes in such cases made and provided."

To this petition defendant demurred, assigning for grounds: (1) That it did not state facts sufficient to constitute a cause of action. (2) That it did not show any authority in the defendant to set up and operate the scales as therein charged. (3) That it did not show that deceased was exercising ordinary care at the time of his injury. (4) That it did not state how, or to what extent, deceased was injured, so as to advise defendant whether such injuries were of a character likely to produce death.

The demurrer was sustained, judgment rendered thereon for defendant, to reverse which plaintiff sues out this writ of error. The grounds of demurrer will be noticed in inverse order.

I. The fact that the petition did not specifically advise the defendant of the nature and extent of the injuries, which the plaintiff alleges caused the death of her husband, was no ground of demurrer. The nature and extent of the injuries, and their connection with the death of plaintiff's husband, was matter of proof and not of pleading.

II. Contributory negligence is a defense to be pleaded and proven by defendant; it is not necessary that its absence should be pleaded or shown by the plaintiff in the first instance. *Buesching v. St. Louis Gaslight Co.*, 73 Mo. 220; *Parsons v. Railroad*, 94 Mo. 286.

III. The first and second grounds of demurrer may be disposed of together, the second being simply

a specification of the particular in which the petition fails to state a cause of action, which is the first ground of demurrer. The petition is very loosely drawn. It does not show whether the city of Clinton is a corporation under the general laws of the state or by special charter, in fact it only appears inferentially that it is a municipal corporation at all. To what class it belongs, what are its powers, and what its duties, appears from no fact contained in any averment in the petition. Conceded the power of the defendant under its charter to erect and maintain scales for the use of the public, for which it charged and received a compensation, the duty which it is alleged the corporation owed the plaintiff to keep the same and the approaches thereto in a reasonably safe condition would appear. 2 Dillon, Mun. Corp. [2 Ed.] sec. 778. But no fact is averred in the petition from which the conclusion can be drawn that it was within the scope of defendant's corporate powers to erect and maintain such scales, and without such power, no such duty could arise, and consequently no liability for failure to discharge it. 2 Dillon, Corp. [2 Ed.] sec. 766.

The fault with the petition in this case is that the pleader, instead of stating the facts from which the legal conclusion might be drawn, that defendant's duty to the plaintiff was as charged therein, contents himself with simply stating that duty as a legal conclusion. A conclusive fact may and ought to be stated. Facts from which the ultimate and conclusive fact may be inferred are evidence, and need not be stated. But the facts from which a legal conclusion is to be drawn upon which depends the plaintiff's right of action must be stated in order to show a cause of action under our system of pleading. Bliss, Code Plead., sec. 210 *et seq.*

The petition failing to show a cause of action in the particular pointed out, the demurrer was properly sustained, and the judgment is affirmed. All concur except BLACK and BARCLAY, JJ., who dissent.