THE STATE OF MISSOURI ex rel. School District, Appellant, v. WILLIAM DELANEY et al., Respondents.

**Kansas City Court of Appeals, December 3, 1906.**

1. **TRIAL PRACTICE: Petition: Objection to Evidence: Rule.** While a defendant has a right to object to the introduction of evidence because of the insufficiency of the petition this practice is only tolerated and if the petition would sustain a judgment after verdict the objection should be overruled.

2. **OFFICIAL BONDS: Obligee: Pleading: Objection to Evidence.** An official bond after giving the name of the school district added the township and range. The petition on the bond set out the name as in the bond and then added that the township and range were surplusage and not a part of the name. *Held*, the pleading was good as against the objection to the introduction of evidence.

3. ———: ———: ———: ———. The relator in an action on a school treasurer's bond was school district of the town of Hurdland and the bond described it as to be the "treasurer of the Hurdland School Board." *Held*, the petition was good as against an objection to the introduction of evidence since it would support a judgment after verdict.

4. ——: ——: ——: ——: **Surety.** A surety has the right to stand upon the letter of his obligation but a mere mistake in the name by inadvertence will not necessitate the bringing of an action to reform the instrument but proper averments in a suit on the bond is sufficient.

Appeal from Adair Circuit Court. — *Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*L. F. Cottey* for appellant.

(1) The answer was a general denial not verified by affidavit. Under that answer the bond stood confessed as a valid and binding contract, and the defense, if any, the defendants had to make should have been set up affirmatively in the answer as new matter. Under the circumstances of this case, plaintiff's motion for judgment on the pleadings should have been sustained upon the authority of the following decisions: Smith v. Rembaugh, 21 Mo. App. 309; Thomas v. Life Assn., 73 Mo. App. 371; Faircloth v. Tinsley, 83 Mo. App. 586; Love v. Ins. Co., 92 Mo. App. 195; Weber v. Ancient Order of Pyramids, 104 Mo. App. 729. (2) The bond being the basis of plaintiff's suit and that being confessed by the general denial, not under oath, there was no defense left that defendants could make under the unverified answer, because it confessed plaintiff's cause of action. The scope of the general denial is wholly determined by the allegations of the petition. Under a general denial the defendant is limited to a disproval of the allegations of the petition. If he intends to rely on new matter which goes to defeat or avoid the plaintiff's action he must affirmatively plead it. No such issue was presented by the answer in this case, and for that reason plaintiff's motion for judgment on the pleadings should have been sustained. Northrup v. Ins. Co., 47 Mo. 444; Musser v. Adler, 86 Mo. 449; Jones v. Rush,

156 Mo. 371; Mize v. Glenn, 38 Mo. App. 98; Elec. Co. v. Lewis, 86 Mo. App. 615; Henry v. Orear, 104 Mo. App. 575. (3) An objection to the introduction of any testimony on the ground that the petition does not state facts sufficient to constitute a cause of action, is to be tolerated only where the complaint wholly fails, by liberal construction or reasonable intendment, to set forth a cause of action and would be held bad on a motion in arrest. Spalding v. Nesbit, 104 Mo. App. 447; Ball v. Neosho, 109 Mo. App. 683; Sisk v. Ins. Co., 95 Mo. App. 695; Goldsmith v. Candy Co., 85 Mo. App. 600; Marshall v. Ferguson, 78 Mo. App. 650; Dodge v. Coal & Coke Co., 115 Mo. App. 507; Robinson v. Ins. Co., 105 Mo. App. 571; Sommers v. Transit Co., 108 Mo. App. 322; State v. Ballintine, 106 Mo. App. 190; Axman v. Smith, 156 Mo. 286. (4) The question of the sufficiency of the petition is one thing when raised by a demurrer, but another thing when raised after answer, by way of an objection to the introduction to any evidence. Though the petition is informal and the cause of action defectively stated, still if it states facts enough to show a cause of action, then such an objection should be overruled. Young v. Iron Co., 103 Mo. 327; Grove v. Kansas City, 75 Mo. 672; Roberts v. Walker, 82 Mo. 200; Hurst v. Ash Grove, 96 Mo. 168; Jones v. Underwriters, 78 Mo. App. 296.

*W. N. Doyle* and *Campbell & Ellison* for respondents.

(1) The relator in this case is School District of the town of Hurdland. The fund which the principal and sureties in the bond sued upon were to account for, was the moneys collected by the principal as treasurer of "Hurdland School Board, district No. 2, township 15, range 13, in Knox county, Missouri." It needs no citation of authorities to support the proposition that the

122 App—16

relator could not recover in this cause, without both averment and proof that the conditions of the bond sued upon had been violated, and in addition to that the relator must be a person entitled to sue for such violations.   There is no showing by the petition that relator is entitled to sue for the alleged violation of the bond sued upon.   (2)   The principal and sureties in the bond are not liable upon the bond unless the principal therein violated the strict letter of the bond.   (3)   By the very letter of the bond neither the principal nor sureties therein obligated themselves in any way to account for moneys belonging to the "School District of the town of Hurdland," the relator herein which is a village school; but on the contrary only obligated themselves to account for the moneys received by the principal, William Delaney, as treasurer of "Hurdland School Board, district No. 2, township 15, range 13, in Knox county, Missouri," which is a country school district.   (4)   Two of the respondents in this case are sureties and a surety is never bound beyond the precise terms of his undertaking.   Nofsinger v. Hartnett, 84 Mo. 549; Bauer v. Cabanne, 105 Mo. 110.   There is no construction, no equities against sureties.   Distilling Co. v. Kermis, 79 Mo. App. 115.   (5)   If all the parties intended the relator "School District of the town of Hurdland" should have been named in the bond instead of "District No. 2, township 15, range 13, Knox county, Missouri," then relator could maintain an action in equity to reform the instrument and then sue upon the bond.   State ex rel. v. Frank, 51 Mo. 98.

ELLISON, J.—The defendant Delaney is sued as treasurer of plaintiff school district and the other defendants are his sureties on his official bond.   The action is based on the bond.   At the opening of the trial an objection to the reception of any evidence in plaintiff's behalf was sustained on the ground that the petition did

not state facts sufficient to constitute a cause of action. Plaintiff appealed.

We will call attention in the first instance to the law that while the courts recognize the right of a defendant to make the objection just stated, yet it is a right which has been expressed to be only tolerated; and that when that practice is substituted for a demurrer, the most liberal intendment is made in favor of the petition. [Haseltine v. Smith, 154 Mo. 404, 413; Broyhill v. Norton, 175 Mo. 190.] It is said that any petition which will sustain a verdict and judgment should be ruled to state a cause of action when the objection comes as it has in this case. [Young v. Shickle, 103 Mo. 324; Goldsmith v. Candy Co., 85 Mo. App. 595; Marshall v. Ferguson, 78 Mo. App. 645; Dodge v. Coal & Coke Co., 115 Mo. App. 501.]

The specification made under the general objection is, that the plaintiff is a village school district, the name of which is "School District of the town of Hurdland," while the name of the party to which the bond was given and of which Delaney was treasurer, was a country school district named, "Hurdland School Board of district No. 2, township 15, range 13." The bond itself as filed with the petition is no part of it (Baker v. Berry, 37 Mo. 306), and we must look to the face of the petition itself to see if it states a cause of action under the rule to which we have just referred. The petition is in the name of the school district of the town of Hurdland. After stating the organization of the district it alleges as follows:

"That on the 30th day of September, 1903, the defendant, William Delaney, a member of the board of directors of said school district, was elected to the office of treasurer of said school board, and on that day executed his bond to the State of Missouri in the sum of $2,000, with his co-defendants herein as his sureties; that said bond was duly approved by said school board and

filed with its secretary; and said bond is now herewith filed.

"The said bond recites that 'the said William Delaney was on the 30th day of September, 1903, duly elected to the office of treasurer of Hurdland School Board of district No. 2, township 15, range 13, in Knox county, Missouri." That the words, 'district No. 2, township 15, range 13,' are without any significance or meaning in said bond and should be treated as surplusage. That in truth and in fact, the defendant, William Delaney, was elected to the office of treasurer of the Hurdland School Board in Knox county, Missouri; that at the time of his election, he, the said William Delaney, was a member of said school board, having been elected as a member of said school board at the time of the organization of said school district as aforesaid.

"That said bond was so conditioned as to be null and void if said William Delaney should render a faithful and just account of all money that might come into his hands, as such treasurer, and if he should otherwise perform the duties of his office according to law.

"That upon the approval of said bond as aforesaid, the defendant, William Delaney, entered upon his duties as treasurer of said school board and continued to be the treasurer of the said school board, under said election and said bond until his successor in said office was elected and qualified for the year commencing July 15, 1905. That during his term of office as treasurer of said school board, from September 30, 1903, to July 15, 1905, he, the said William Delaney, as such treasurer did receive and was the custodian of all the school moneys derived from taxation for school purposes in said district; and did receive and was the custodian of all the state and county school moneys appropriated to said school district during said period of the defendant's incumbency in said office. That during his said term of office as such treasurer, the defendant, William Delaney, re-

ceived school moneys belonging to said school district to the amount of more than $2,000."

The petition then procceds properly to allege a breach of the bond in that Delaney has failed and refused to turn over to his successor $335.60 of the funds in his hands as treasurer. A proper judgment is prayed for.

Looking to the face of the petition, we find that it, in the first instance, describes an obligee which is not the plaintiff and if it stopped at that, the objection made would have been properly sustained, for it would not have shown a cause of action in the plaintiff. But it did not stop at that point. It proceeds further to state or explain why the action is brought by a plaintiff not appearing as the obligee. It alleges that the words, "district No. 2, township 15, range 13," are without significance or meaning, and asks that they be treated as surplusage. In other words, that is the way the pleader has taken to say that those words were no part of the plaintiff's name. It might have been and should have been alleged with more particularity that the error in name was an inadvertence or mistake in writing, or other misunderstanding, and that the bond was intended to be and was in fact executed to the plaintiff. But, considering that no demurrer was filed, when plaintiff might have amended without trouble or delay; considering that it was suddenly confronted with the objection at the opening of the trial when an amendment, if allowed, meant heavy costs and long delay, we think, under the rule stated above, the objection should have been overruled.

It is suggested that allowing that the words above stated should be rejected as surplusage, there would still be a difference in the name of the plaintiff and of the obligee in the bond. The difference would consist in plaintiff being called the school district of the town of Hurdland, whereas defendant Delaney is described in the bond to be "Treasurer of Hurdland School Board."

This, we think would not be a valid objection after verdict and will not be so treated on the objection as made.

It is further suggested that a surety has a right to stand on the letter of his obligation; and that is true. But if by inadvertence, misapprehension, or other mistake, the payee in a bond or note should be written John Smith, could not William Smith, the true payee, bring an action upon it by proper averment and hold the sureties? He ought not to be put to the trouble first to bring a separate action to reform the instrument when a simple averment in a direct action on the instrument would seem to meet all reasonable requirements.

The judgment should be reversed and the cause remanded. All concur.