ANDREW J. KERN, Administrator of the Estate of THEODORE KERN, Deceased, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals.    Opinion Filed March 4, 1924.

1. **PLEADING:** Demurrer Ore Tenus: Objection to Introduction of Evidence: Effect: Rule Stated. A demurrer *ore tenus*, by objection to the introduction of testimony on the ground that the petition states no cause of action, will not reach mere uncertainty or indefiniteness of averment, or the defect of pleading legal conclusions, and is unavailing if by reasonable intendment or by fair implication from the facts stated, or if by a most liberal construction, the essential allegation may be got at by inference.

2. ———: ———: ———: ———: Most Liberal Intendment in Favor of Petition: Effect of Verdict. While the courts recognize the

Kern v. U. Rys. Co. of St. Louis.

right of a defendant to attack a petition by demurrer *ore tenus* by objection to the introduction of testimony, yet such practice is only tolerated, and, when substituted for a demurrer, the most liberal intendment is made in favor of the petition, and, if a matter material to plaintiff's cause of action be not expressly averred, but the same be necessarily implied from what is expressly averred, the defect is cured by verdict.

3. ———: Petition: Challenging Sufficiency: Demurrer Before Issues Are Made Up: Fair Way. The fair way to challenge the sufficiency of a petition is by demurrer in the beginning, so that if it is adjudged insufficient, and is susceptible of amendment, the fault may be corrected.

4. DEATH BY WRONGFUL ACT: Pleading: Petition: Challenged by Objection to Introduction of Evidence: Sufficiency of Petition. In an action by an administrator for damages for wrongful death brought under section 4217, Revised Statutes 1919, where the only demurrer offered was a demurrer *ore tenus* by objection to the introduction of testimony on the ground that the petition did not expressly allege that decedent was not a minor at the time of his death, and it therefore failed to state a cause of action in the plaintiff as administrator of decedent's estate, *held* that by implication and reasonable intendment arising from 'its express averments, the petition stated a cause of action necessarily implying decedent was not a minor at his death, and that it was based on the fourth paragraph of section 4217, and that the petition was sufficient to inform the defendant of the issues to be tried, and that the judgment given by the trial court upon the verdict of the jury would not be overturned in view of section 1276, Revised Statutes 1919, where the record was amply sufficient effectually to bar a subsequent suit for the same cause of action.

5. STREET RAILROADS: Negligence: Evidence: Passenger Boarding Car: Premature Start: Defendant Guilty of Actionable Negligence. In an action against a street railway company to recover damages for wrongful death, where the evidence shows that the defendant's car in response to decedent's signal was slowed down until it had come almost, if not quite, to a dead stop with the doors open and the step lowered, at the precise place where defendant was accustomed to receive and discharge passengers, and thereupon decedent attempted to board the car, placing one foot upon the lowered step and reached for the handrail, and while thus in the act of boarding the car, and while his body was poised on one foot, and before he had obtained hold on the handrail, the car went forward with a sudden jerk or acceleration of speed, and proceeded on its way, and the decedent was thrown from the step

under the trailer and was dragged to his death, *held*, under the evidence, that the defendant was guilty of actionable negligence.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Charles W. Bates, T. E. Francis* and *John F. Evans* for appellant.

(1) The court erred in overruling the objection to the introduction of any evidence in the case on the ground that the petition failed to state facts sufficient to constitute a cause of action, for the reason that the petition fails to show whether or not plaintiff's decedent was a minor or an adult person at the time of his death. R. S. 1919, ch. 26, art. I, sec. 4217; Chandler v. Railroad, 251 Mo. 592, and cases cited; McIntosh v. Railway Co., 103 Mo. 131; Troll v. Laclede Gas Light Co., 182 Mo. App. 600. (2) The demurrer to the evidence should have been sustained, for the following reasons: (a) The plaintiff submitted his case on the theory that deceased boarded a moving street car and was thrown by a sudden increase in the speed of the car. Having committed himself to this theory, he can only recover by proving that the increase in the speed of the car was unusual and extraordinary. Gunn v. United Railways Co., 270 Mo. 517; Schepers v. Union Depot Ry. Co., 126 Mo. 655; Rooker v. Railway Co., 204 S. W. 556. (b) The evidence fails to show that the movement of the car was unusual. Elliott v. Railroad, 236 S. W. 17; Guffey v. Railroad, 53 Mo. App. 462; Hawk v. Railroad, 130 Mo. App. 658; Babbit v. Railroad, 169 Mo. App. 424; Gunn v. U. R. Co., 270 Mo. 517.

*Harry P. Rosecan* and *John A. Gilliam* for respondent.

SUTTON, C.—This is an action to recover damages for the wrongful death of Theodore Kern. At the time

of the injury which caused decedent's death the defendant owned and operated a street car line on Olive street in the city of St. Louis, running east and west through the city and crossing Garrison avenue. The northeast corner of the intersection of Olive street and Garrison avenue, just east of Garrison avenue, was a regular and usual place for discharging and receiving passengers. It was at this place that the decedent received the injuries which caused his death.

The evidence tends to show that decedent went to this place, intending to take passage on one of defendant's street cars going west; that seeing a car approaching the intersection, proceeding west, the decedent took a position in Olive street at the usual place for receiving passengers by defendant; and signaled his desire to board the car; that the approaching car had a trailer attached, and was equipped with automatic doors and step which were operated by the conductor by means of a lever provided for that purpose; that by the operation of this lever the doors were opened and the step lowered to receive and discharge passengers and were then closed before the car proceeded on its way; that the doors and step were usually kept closed while the car was in motion; that the doors were opened and the step lowered simultaneously; that when the doors were closed the step was raised to a vertical position and closed against the side of the car; that on the occasion in question, when the defendant's car approached the intersection of Olive street and Garrison avenue, the doors were open and the step lowered; that the car came almost to a stop for a second; that it slowed down until it was barely moving so that it was difficult to determine whether it was moving or whether it had stopped; that thereupon the decedent placed his foot on the step and reached for the handrail in attempting to board the car; that at this instant the car suddenly started forward with a jerk, and defendant was thereby thrown back under the trailer and dragged to his death.

The witnesses graphically described the accident, as follows:

"The car was approaching the corner, the brakes were squeaking on the car and it came to a sudden stop almost for a second, and all of a sudden, just that quick, it went off full speed almost. It came to almost a standstill for a second and all of a sudden it jerked that quick."

"The car started to stop for a moment and then started up again. Kern had attempted to board the car. He had one foot on the car, on the step, and was reaching to get a hand on the rail, then the car started with a jerk, and threw him from the step. He fell right back under the trailer. When he put his foot on the step the car was almost stopped, the door was open and the step was down and he put his foot on the step and there was a sudden jerk which threw him. When he put his foot on the step the car started off, started with a jerk. It threw Kern from the step. He fell under the trailer. They dragged him about three hundred feet before the car stopped. When the car got there where he attempted to board it, the step was down and the doors open."

"This car coming down had the doors open and the step down and as it came down to the corner of Garrison avenue and Olive street it slowed up. When it reached the corner it came to a standstill for a second and suddenly started. Just as the car started off Kern had his one foot on the step and just as he attempted to grab the handrail the car started off. He missed his hold and fell back against the trailer. The trailer knocked him down and he was caught underneath the step on the trailer and it dragged him about three hundred feet on Olive street. As he put his foot on the step the car suddenly started forward—suddenly started off."

The evidence showed that decedent at the time of his death was twenty-one years old, and left surviving him his father and mother, one brother, and two sisters.

The cause was tried to a jury. There was a verdict and judgment for plaintiff for the sum of $7500. After an unavailing motion for a new trial, defendant appealed.

At the commencement of the taking of testimony in the trial of the cause the defendant demurred to the pe-

tition *ore tenus*, by objection to the introduction of any evidence, on the ground that it failed to state facts sufficient to constitute a cause of action, in that it failed to show whether or not decedent was a minor or an adult person at the time of his death. And the ruling of the court thereon, being adverse to defendant, is assigned here as reversible error.

The action is brought under section 4217 of the wrongful death statute, Revised Statutes of Missouri, 1919. The statute provides that for the death of any person caused by the negligence of any street railway corporation, whilst running, conducting, or managing, any street car or cars, such corporation shall forfeit and pay the sum of not less than $2000 and not exceeding $10,000, which may be sued for and recovered, (1) by the husband or wife of the deceased, or (2) if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of deceased, or (3) if the deceased be a minor and unmarried, then by the father and mother, or (4) if there be no husband, wife, minor child, or minor children, or if the deceased be an unmarried minor, there being no father or mother, then by the administrator or executor of the deceased.

The petition shows on its face that the father and mother, one brother, and two sisters, of deceased survived him. If the deceased was a minor at the time of his death the cause of action accrued to his father and mother. If he was an adult at the time of his death the cause of action accrued to his administrator to the use and benefit of the father, mother, brother, and sisters.

Defendant's counsel insist that because the petition does not expressly allege that decedent was not a minor at the time of his death, it therefore fails to state a cause of action in the plaintiff as administrator of decedent's estate.

No demurrer to the petition was filed. The only demurrer offered was the demurrer *ore tenus*, by objection to the introduction of testimony, on the ground that the

petition stated no cause of action. Such a demurrer will not reach mere uncertainty or indefiniteness of averment, *or the defect of pleading legal conclusions.* Such a method of attack smacks of the ambuscade and of a digging of pitfalls for the unwary, and is unavailing, if by reasonable intendment, or by fair implication from the facts stated, or if by a most liberal construction, the essential allegation may be got at by inference. While the courts recognize the right of a defendant to attack the petition by objection to the introduction of testimony, yet such practice is only tolerated, and, when substituted for a demurrer, the most liberal intendment is made in favor of the petition, and if a matter material to plaintiff's cause of action be not expressly averred, but the same be necessarily implied from what is expressly averred, the defect is cured by verdict. The rule to go by in the disposition of such objection is the same bland rule applied to rulings on motions in arrest, wherein the grace of every implication is allowed to aid the verdict and mere ambiguity in allegation is resolved in its favor. The fair way to challenge the sufficiency of a petition is by demurrer in the beginning, so that, if it is adjudged insufficient, and is susceptible of amendment, the fault may be corrected. If a party lies in wait for his adversary the court should not allow him an advantage that he could not have attained in the open field. So read the decisions. [State ex inf. Major v. Arkansas Lumber Co., 260 Mo. 212, l. c. 283, 169 S. W. 145; Coliseum Athletic Ass'n. v. Dillon, 204 Mo. App. 504, l. c. 512, 223 S. W. 955; East St. Louis Ice & Cold Storage Co. v. Kuhlmann, 238 Mo. 685, l. c. 702, 142 S. W. 253; Young v. Shickle, Harrison & Howard Iron Co., 103 Mo. 324, l. c. 327, 15 S. W. 771; Haseltine v. Smith, 154 Mo. 404, l. c. 413, 55 S. W. 633; Burkard v. Rope Co., 217 Mo. 466, l. c. 483, 117 S. W. 35; State ex rel. v. Delaney, 122 Mo. App. 239, l. c. 243, 99 S. W. 1; Murphy v. North British & Mercantile Ins. Co., 70 Mo. App. 78, l. c. 82.]

The petition under attack in this case by express averments shows that the decedent at the time of his

death was unmarried and left surviving him his father and mother, one brother, and two sisters, and left no child or children; that the defendant was a street railway corporation, operating a street car line on Olive street in the city of St. Louis; that the decedent was in the relationship of a passenger boarding the defendant's street car, and that by the negligence of the defendant in the movement of the street car the decedent met his death; and concludes with the averment, that, *by reason of the premises, an action has accrued to plaintiff as administrator of the estate of the decedent, in the sum of ten thousand dollars for damages and penalty,* and a prayer for the recovery of that amount.

No lawyer possessed of a modicum of legal acumen could read this petition without recognizing that it was bottomed on the fourth clause of the wrongful death statute and that the defendant was called upon to answer the allegation necessarily implied from its express averments, that the decedent was not a minor at the time he met his death.

It cannot be said that the petition, liberally construed in favor of the plaintiff and allowed the grace of every fair implication and reasonable intendment arising from its express averments, utterly failed to state a cause of action. It was sufficient to inform the defendant of the issues to be tried. Its averments, express and implied, were traversed, and a special plea of contributory negligence was set up, by defendant's answer. Upon these pleadings the cause went to trial without objection until the trial was on. The proof showed, without contradiction or challenge, that decedent was twenty-one years old at the time of his death. The issues were submitted to the jury for their arbitrament upon instructions given at the instance of both the plaintiff and the defendant. By these instructions the issues were clearly defined. The jury resolved the issues in favor of the plaintiff. The record is amply sufficient to effectually bar a subsequent suit for the same cause of action. Examination of the whole record convinces us that the judgment given by the

trial court upon the verdict of the jury is a meritorious one. To overturn this judgment upon this record we would have to disregard not only the decisions of the appellate courts of this State, but also the positive statutory direction that no judgment shall be reversed or affected by reason of any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party. [Section 1276, Revised Statutes of 1919.]

Defendant relies on Troll v. Laclede Gas Light Co., 182 Mo. App. 600, 169 S. W. 337. In that case the action was brought by the administrator of the decedent. There was no express averment in the petition of the existence of relatives of the decedent capable of taking by descent. A demurrer to the petition was seasonably filed in the trial court. A stipulation was entered into between the parties in the trial court which practically conceded that no such relatives were in existence and which submitted the cause for final determination upon the petition, the demurrer, and the stipulation. The trial court sustained the demurrer and entered judgment for the defendant. Upon appeal this court affirmed the judgment of the trial court. The case was decided not upon a technical question of pleading, but upon a question of substantive law. That case is no authority for defendant's contention in the case at bar.

Defendant also calls to our attention the case of Chandler v. Chicago & Alton R. Co., 251 Mo. 592, 158 S. W. 35, and asserts that the ruling in that case is decisive of the case at bar. In that case the suit was brought by the widow of the decedent. It was brought more than six months after the death of the decedent, and this fact appeared upon the face of the record. It was not alleged that no minor children survived the decedent, and upon the trial the proof affirmatively showed that minor children survived the decedent. There was no averment, *or proof,* that the plaintiff had appropriated the cause of action by a timely suit, brought within six months after the decedent's death, and had suffered a nonsuit and

commenced a new action within one year, thereby cutting the minors out, and our Supreme Court declined, in the absence of any proof of such timely suit and nonsuit, to affirm the judgment for plaintiff, but reversed the judgment and remanded the cause for a new trial. That case ought not to control here.

Defendant demurred to the evidence in the trial court. The demurrer was overruled. Defendant's counsel insist that the demurrer should have been sustained on the ground that the plaintiff, having submitted his case on the theory that the decedent boarded a moving street car and was thrown from it by a sudden increase in the speed of the car, can only recover by proving that the increase in the speed of the car was unusual and extraordinary, and that the evidence in the case fails to show such unusual and extraordinary movement of the car.

In Gunn v. United Railways Co., 270 Mo. 517, l. c. 529, 193 S. W. 814, chiefly relied on by defendant's counsel to support their view, our Supreme Court, speaking through Commissioner Roy, said:

"It necessarily follows that a person seeking to recover damages for injuries received while boarding or leaving a moving car, must show that the defendant caused . . . some sudden shock or acceleration of the speed of the car while the person is getting off or on, . . . or some other facts showing negligence of the defendant other than the mere fact that the car was in motion when the attempt was made."

And the court distinguished Ridenhour v. Railway Co., 102 Mo. 270, 13 S. W. 889, 14 S. W. 760, from the case then in hand, thus:

"The evidence in the former case is radically different from what it is here. It showed in that case that the injury occurred from the sudden jerk or acceleration of the speed of a slowly moving car from which the plaintiff was alighting as it was moving."

214 M. A.—16

And in ruling that the evidence in the Gunn case was insufficient to support the verdict in favor of the plaintiff, the court said:

"There is no evidence that the car started and while plaintiff was boarding it as it moved there was a sudden jerk or acceleration of speed."

We see nothing in the language of the learned Commissioner in the Gunn case to support the view of defendant's counsel.

In the present case the defendant's car in response to decedent's signal was slowed down until it had come almost, if not quite, to a dead stop, with the doors open and the step lowered, at the precise place where the defendant was accustomed to receive and discharge passengers. Thereupon decedent attempted to board the car. He placed one foot upon the lowered step and reached for the handrail, and while thus in the act of boarding the car and while his body was poised on one foot and before he had obtained hold on the handrail, the car went forward with a sudden jerk or acceleration of speed and proceeded on its way, and the decedent was thrown from the step under the trailer and was dragged to his death. To say that a public carrier may thus, with its car and trailer, set a trap for an intending passenger and spring it at the opportune instant to throw him under the trailer to his death, and not be required to answer in damages therefor, would be to announce a doctrine no court could tolerate, much less approve. The facts disclosed by this record so manifestly convict the defendant of actionable negligence under the authorities as to leave no room for argument or discussion. [Gunn v. United Railways Co., supra; Ridenhour v. Railway Co., supra; Morrison v. B. & S. A. R. R. Co., 130 N. Y. 166; Eikenberry v. St. Louis Transit Co., 103 Mo. App. 442, 80 S. W. 360; Barth v. Kansas City Elevated Railway Co., 142 Mo. 535, 44 S. W. 778; Straus v. K. C., St. J. & C. B. R. Co., 86 Mo. 421; Meriwether v. Kansas City Cable Railway Co., 45 Mo. App. 528; 1 Nellis on Street Railways (2 Ed.), sec. 302; Booth on Street Railways (2 Ed.), sec. 348, p. 556.]

Finding no reversible error in the record, the Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.