NICK CUSHULAS, DEFENDANT IN ERROR, v. SCHROEDER AND TREMAYNE, INCORPORATED, A CORPORATION, PLAINTIFF IN ERROR.*— 22 S. W. (2d) 872.

St. Louis Court of Appeals.   Opinion filed January 7, 1930.

*Jones, Hocker, Sullivan & .Angert* for plaintiff in error.

*Douglass & Inman* and *John H. Bradley* for defendant in error.

570

SUTTON, C.—This is an action to recover damages for personal injuries sustained by plaintiff while in the employ of defendant. The petition charges: ''That plaintiff at the time of his injury

herein alleged was employed by defendant, and was at work within the scope of his employment; that, in February, 1924, he was at work for defendant in the basement of its plant on North Fourth street, in the city of St. Louit, engaged in assisting to move a large heavy press; that while thus engaged, he was caused to fall to the floor of said basement, and said heavy press fell upon him, whereby he sustained serious and permanent bodily injuries; . . . and that said injuries were directly caused by the negligence of the defendant." Judgment by default was given for plaintiff for $4,000. Defendant has brought the case here by writ of error, and urges the reversal of the judgment on the ground that the petition wholly fails to state a cause of action, and is therefore insufficient to support the judgment.

Defendant made no attack upon the petition in the court below, but was content to lie by until the suit went to final judgment, and then sued out this writ. According to the petition, as we must in this state of the record, the grace of every fair implication and reasonable intendment arising from its express averments, it is obvious that it does not wholly fail to state a cause of action. [State ex inf. Major v. Arkansas Lumber Co., 260 Mo. 212, l. c. 282, 169 S. W. 145; Kern v. United Railways Co., 214 Mo. App. 232, 259 S. W. 821; Kieth v. American Car & Foundry Co. (Mo. App.), 9 S. W. 644; Rueter v. Terminal R. Ass'n (Mo. App.), 261 S. W. 713; Lindsey v. American Car & Foundry Co. (Mo. App.), 16 S. W. (2d) 615; State ex rel. Hopkins v. Daues (Mo.), 6 S. W. (2d) 893; Kramer v. Kansas City Power & Light Co., 279 S. W. 43, l. c. 49; Winn v. Kansas City Belt Ry. Co., 245 Mo. 406, 151 S. W. 98; Ehrlich v. Mittelberg, 299 Mo. 284, 252 S. W. 671; Simpson v. Wells, 292 Mo. 301, 237 S. W. 520; Munoz v. American Car & Foundry Co. (Mo. App.), 296 S. W. 228; Davidson v. Chicago & Alton Ry. Co., 98 Mo. App. 142; Quinley v. Springfield Traction Co., 180 Mo. App. 287, l. c. 298, 165 S. W. 346; Le May v. Missouri Pacific Ry. Co., 105 Mo. 361, 16 S. W. 1049; Conrad v. De Montcourt, 138 Mo. 311, 39 S. W. 805; Schneider v. Missouri Pacific Ry. Co., 75 Mo. 295; Sullivan v. Missouri Pacific Ry. Co., 97 Mo. 113, 10 S. W. 852; Mack v. St. Louis Kansas City & Northern Ry. Co., 77 Mo. 232; Weber v. Terminal R. Ass'n (Mo. App.), 20 S. W. (2d) 601.]

The defendant insists that the petition does not allege the act which caused the plaintiff's injury, but merely alleges that defendant negligently injured plaintiff. If this were so, the petition would be wanting in essential averment. But there is a wide difference between alleging merely that the defendant negligently injured plaintiff, and alleging that the defendant in the operation of moving a large heavy press, in which plaintiff was assisting, negligently caused

plaintiff to fall and said press to fall on him, and thereby injured him. The difference is that in the latter instance the act which caused the plaintiff's injury is alleged, and in the former it is not.

It is the general rule that, in an action based on negligence, a petition which describes the act complained of as causing the injury, with reasonable certainty and sufficient clearness so as to advise the defendant of the charge he is to meet, and avers generally that the act was negligently done, is sufficient. Or, as otherwise stated, it is a good and sufficient pleading to set out and describe the act done with a reasonable degree of particularity, and then allege that the act was negligently done. [Heckfuss v. American Packing Co. (Mo. App.), 224 S. W. 99; State ex rel. American Packing Co. v. Reynolds, 287 Mo. 697, 230 S. W. 642; Rueter v. Terminal R. Ass'n (Mo. App.), 261 S. W. 713; Hill v. Missouri Pacific Ry. Co., 121 Mo. 477, 26 S. W. 576; Hill v. Missouri Pacific Ry. Co., 49 Mo. App. 520; Dieter v. Zbaren, 81 Mo. App. 612.] This, as we understand, is the rule of good pleading, and a pleading which meets its requirements is good against any sort of attack. It is not always easy, under the authorities, to determine in a given case just what degree of particularity in describing the act complained of as causing the injury is essential to meet the requirements of this rule of good pleading, so as to make the petition good against proper and timely objection. Where, as here, the petition alleges the act complained of in general terms, and alleges that the act was negligently done, there is a general allegation of negligence, which is held to be good after verdict in all cases; but where the act alleged as causing the injury—such as the derailment of a train, or some unusual movement of machinery—raises a presumption or inference of negligence under the *res ipsa loquitur* rule, the petition is good against any sort of attack, whether made before or after verdict. As we have already said, the petition in the present case charges that the defendant in the operation of moving a large heavy press, in which plaintiff was assisting, caused plaintiff to fall and said press to fall on him, and thereby injured him. If this much is not expressly averred, surely it may be arrived at by reasonable intendment from what is expressly averred. The petition, according to it the intendments to which it is entitled, obviously makes a good general allegation of negligence. Manifestly, it is sufficient to admit proof of any fact going to show negligence on the part of defendant in the operation of moving the press, directly contributing to cause the plaintiff to fall and the press to fall on him. That it is sufficient to bar another action for the same injury is clear. That it is amendable is also clear. We can see no excuse, either upon principle or authority, for holding the petition bad after verdict.

It is well to be reminded here again that the term "negligence," or "negligently," when used to characterize an act, is the expression of a fact, and is not a mere epithet or legal conclusion. It is not necessary in pleading negligence to plead the facts showing that the act complained of was a negligent act. It is sufficient, even for a pleading good against seasonable attack, to describe the act with a reasonable degree of particularity, and allege that the act was negligently done. It is then for the jury to say, under the evidentiary facts, whether or not the act was negligently done.

The defendant says that a petition charging general negligence only is not good even after verdict except in a case where the *res ipsa loquitur* rule applies, and cites the decision of our Supreme Court in the recent case of Kitchen v. Schuler Manufacturing Co., 20 S. W. (2d) 676, as authority for this view. That case, as we read it, does not support the defendant's view. The court construed the petition under review in that case as charging negligence relative to some defective condition of the machine which caused the plaintiff's injury. This was arrived at from the allegation of an unusual movement of the machine, by presumption under the *res ipsa loquitur* rule. And it was held that under such an allegation plaintiff was not entitled to go to the jury on the ground of negligence in failing to guard the machine. In other words, the court held that since the plaintiff predicated her right of recovery solely on an allegation of negligence relative to a defective condition of the machine causing its unusual movement, she was not entitled to recover on another ground of negligence not within the pleading. While the opinion holds that, since the allegation showing the unusual movement of the machine gave rise to an inference of negligence relative to some defective condition of the machine under the *res ipsa loquitur* rule, it was not necessary to charge the particulars wherein the defendant was negligent, it does not hold that a general allegation of negligence is not good after verdict unless the allegation is sufficient to give rise to presumptive or inferential negligence under said rule.

Defendant's view not only finds no support in the Kitchen case, but is besides in the teeth of all the prior decisions of the Supreme Court (see cases supra), including the recent case of State ex rel. Hopkins v. Daues, decided by the court en banc, 6 S. W. (2d) 893, wherein the court, after citing cases, none of which involves the *res ipsa loquitur* rule, said: "These cases announce the correct rule that a general charge of negligence in a petition or answer is sufficient unless such pleading is properly assailed before verdict for want of definiteness. Such an allegation is sufficient when attacked after verdict for the first time. Such is the rule declared in the separate concurring opinion of WHITE, J., in the Kramer case, and that separate concurring opinion announced the controlling opinion of the court upon that point."

In the Kramer case, WHITE, J., said: "In an action founded on negligence it is not necessary to state the specific facts constituting the negligence. A general statement of facts is sufficient, particularly after verdict. [Mack v. Railroad, 77 Mo. 232; Schneider v. Railroad, 75 Mo. 295.] A general allegation of negligence is good unless it is attacked for want of being sufficiently definite."

Defendant places much reliance on Mitchell v. City of Clinton, 99 Mo. 153, 1. c. 159, 12 S. W. 793; Gibson v. Chicago Great Western Ry. Co., 225 Mo. 473, 1. c. 482, 125 S. W. 453; State ex rel. Major v. Missouri Pacific Ry. Co., 240 Mo. 35, 1. c. 50, 144 S. W. 1088; Musser v. Musser, 281 Mo. 649, 1. c. 664, 221 S. W. 46; and National Hollow Brake Beam Co. v. Bakewell, 224 Mo. 203, 1. c. 222, 123 S. W. 561. In every one of these cases the court had under review a petition assailed by a demurrer. One of them was an original proceeding in the Supreme Court. Each of the others went to the Supreme Court on appeal from a judgment in favor of the defendant given on demurrer to the petition. What was said in those cases was said with reference to the rule of good pleading, which must be met if the petition is to stand against a demurrer. Those cases serve no useful purpose here, except to strikingly illustrate the difference between the rule applied in considering the sufficiency of a petition on demurrer and the rule applied in considering its sufficiency after verdict. The latter rule is admirably stated by Judge FARIS, speaking for the court en banc, in State ex inf. Major v. Arkansas Lumber Co., 260 Mo. 212, 1. c. 282, 169 S. W. 145, as follows:

"That the petition in this case, viewed by the ordinary rules of pleading, was vague, uncertain, and indefinite, there can be no doubt; . . . it states a cause of action by pleading legal conclusions; but it does not state it with the art or with that definiteness which respondents and this court, that time and labor may be saved and business may be expedited, were entitled to have it stated. A motion to make more definite and certain would have lain, and a timely demurrer for defects in this behalf ought to have been sustained, and most probably would have been sustained had such demurrer been filed in a timely way. But it was too late to urge the same before the commissioner. No demurrer to the petition has ever been filed. The only demurrer offered was a demurrer *ore tenus*, objecting *in limine*, because the petition, as respondents averred, stated no cause of action. Such a demurrer has never been regarded by this court as reaching the alleged defects in a petition to nearly the same extent and for even nearly the same purpose as the formal written demurrer provided for by our code of pleading. Such demurrer, that is, a demurrer *ore tenus*, in law has no more effect in reaching a bad petition than has a motion in arrest, which to an extent is covered fully by our Statute of Jeofails. *Such de-*

*murrer will not reach mere uncertainty or indefiniteness of aver-
ment, or the defect of pleading legal conclusions. . . .*

"If a petition attacked for insufficiency by an objection to the
offering of any testimony thereon may be held by liberal construc-
tion and reasonable intendment to state a cause of action, we ought
not to lend our encouragement to a method of attack which smacks
of the ambuscade, and of a digging of pitfalls for the feet of the
unwary."

So that even if the allegation of negligence in the petition in the
present case could be regarded as a mere legal conclusion, it would
be good under the rule announced in that case, which so far as we
are advised has never been overruled, questioned, or criticized. It
will be observed, too, that in the Akransas Lumber Company case the
defendant demurred to the petition *ore tenus* at the trial, by ob-
jection to the introduction of testimony; whereas in the present case
no sort of objection to the petition was made in the court below at
any stage of the proceeding, but the defendant after having appeared
and twice taken leave to file answer to the petition, then withdrew
from the case, and thenceforth ignored it altogether, and now ques-
tions the sufficiency of the petition for the first time in this court,
seeking to obtain here what it could have had for the mere asking
in the court below.

The rule announced in the Arkansas Lumber Company case was
stated by this court in Kern v. United Railways Co., supra, as
follows: "No demurrer to the petition was filed. The only demurrer
offered was the demurrer *ore tenus* by objection to the introduction
of testimony on the ground that the petition stated no cause of
action. Such a demurrer will not reach mere uncertainty or in-
definiteness of averment, *or the defect of pleading legal conclusions.*
Such a method of attack smacks of the ambuscade and of a digging
of pitfalls for the unwary, and is unavailing if by reasonable intend-
ment, or by fair implication from the facts stated, or if by a most
liberal construction, the essential allegation may be got at by in-
ference. While the courts recognize the right of a defendant to
attack the petition by objection to the introduction of testimony,
yet such practice is only tolerated, and, when substituted for a de-
murrer, the most liberal intendment is made in favor of the petition,
and, if a matter material to plaintiff's cause of action be not ex-
pressly averred, but the same be necessarily implied from what is
expressly averred, the defect is cured by verdict. The rule to go
by in the disposition of such objection is the same bland rule applied
to ruling on motions in arrest, wherein the grace of every implica-
tion is allowed to aid the verdict, and mere ambiguity in allegation
is resolved in its favor. The fair way to challenge the sufficiency
of a petition is by demurrer in the beginning, so that, if it is adjudged

insufficient, and is susceptible of amendment, the fault may be corrected. If a party lies in wait for his adversary the court should not allow him an advantage that he could not have attained in the open field. So read the decisions. [State ex inf. Major v. Arkansas Lumber Co., 260 Mo. 212, l. c. 283, 169 S. W. 145; Colliseum Athletic Ass'n v. Dillon, 204 Mo. App. 504, l. c. 512, 223 S. W. 955; East St. Louis Ice & Cold Storage Co. v. Kuhlmann, 238 Mo. 685, l. c. 702, 142 S. W. 253; Young v. Shickle, Harrison & Howard Iron Co., 103 Mo. 324, l. c. 327, 15 S. W. 771; Haseltine v. Smith, 154 Mo. 404, l. c. 413, 55 S. W. 633; Burkard v. Rope Co., 217 Mo. 466, l. c. 483, 117 S. W. 35; State ex rel. v. Delaney, 122 Mo. App. 239, l. c. 243, 99 S. W. 1; Murphy v. North British & Mercantile Ins. Co., 70 Mo. App. 78, l. c. 82.]''

We cannot escape the conviction that this rule should be applied in the present case with peculiar vigor. Defendant not only failed to seasonably demur or move to make the petition more definite and certain in the court below, but failed to make even an *ore tenus* objection to the sufficiency of the petition, and moreover made default. By this conduct the defendant admitted the truth of all the averments of the petition going to show a cause of action, including all fair intendments, and legal conclusions, if any, admitted the cause of action as thus averred, and gave the court and counsel to understand that it regarded the petition as sufficient, and had no defense to make to it. To reverse this judgment in this state of the record would be nothing short of trifling with the administration of justice. To do so would be but to aid defendant to vex and delay the plaintiff in the prosecution of his demand. The rules of good pleading were never designed to serve such a purpose.

Troth v. Norcross et al., 111 Mo. 630, 20 S. W. 297, a belated citation by defendants, is far afield here. In that case the trial court sustained a demurrer to the evidence. On appeal the Supreme Court ruled that, since plaintiff in his petition charged negligence on the part of defendants in failing and omitting to provide suitable and proper rules for the running and management of the elevator which caused his injury, and confined his right of recovery solely to such negligence, and neither alleged nor proved any facts showing, or from which the inference could be drawn, that the defendants had any connection with the elevator whatever, or had anything to do with its operation, or sustained any such relation to it as to devolve upon them the duty to regulate its operation, the demurrer to the evidence was properly sustained. Clearly that is not this case.

The commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.*, and *Becker* and *Nipper, JJ.*, concur.